**Mary Ann PATRICK, Appellant,**

v.

**John Milton PATRICK, Appellee.**

**No. 2–84–273–CV.**

Court of Appeals of Texas,
Fort Worth.

July 10, 1985.

Boyce Coleman, Denton, for appellant.

Richard B. Tanner, Plano, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This appeal involves a suit to enforce a contractual division of military retirement benefits upon divorce. Judgment was rendered for the husband that the wife take nothing.

We reverse and remand.

In 1979, husband and wife were divorced while husband was still in the Air Force. The settlement agreement upon which the divorce decree was based provided that "JOHN MILTON PATRICK and MARY ANN PATRICK shall share, as co-tenants all retirement funds payable to JOHN MILTON PATRICK as a result of his service in the United States Air Force."

The husband had been collecting temporary disability retirement pay from the Air Force since 1977. In 1980, the husband was retired from the Air Force and from thereon received permanent disability retirement pay under 10 U.S.C.S. sec. 1201 (Law. Co-op. 1979). The husband gave the wife her half of these payments until 1982 when he sent her a proposed amended settlement agreement reducing her interest to $500 per month. She refused to sign the amended agreement, and he thereafter refused to pay her anything.

The wife filed a motion to hold the husband in contempt, to correct the settlement agreement to specify "disability retirement funds" rather than "retirement funds," or to enforce the original agreement as it existed. The husband answered that he had not agreed to divide benefits related to disability, but only benefits based on length of service. The husband further answered that disability pay is not community property under Texas law which is subject to division, nor is it subject to division under 10 U.S.C.S. sec. 1408 (Law. Co-op. Supp. 1985).

At trial to the court, the judge made an unequivocal oral finding from the bench that the parties had agreed to divide the benefits the husband was receiving at the time of divorce, which was disability pay. However, the judge expressed doubts as to whether federal law permitted division of disability benefits and he asked the parties to brief that point. Seven months later, the judge signed a final order denying the wife all requested relief. Since there is no written finding of fact which contradicts his oral finding, we will not imply a contradictory finding in order to support the judgment. Instead, we conclude that the judge felt compelled by federal law to deny relief to the wife in spite of the agreement to divide the benefits. Further, we believe the evidence conclusively established that the parties intended to divide the disability benefits, and the trial judge would have been in error if he had failed to so find.

The wife complains in her first point of error that the trial court erred in not entering judgment for a money amount against the husband for one-half of the benefits he has received and has not shared. We agree.

Texas law had traditionally held that military retirement benefits earned during marriage, including disability retirement benefits under 10 U.S.C.S. sec. 1201, were community property subject to division upon divorce.[1] *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970); *McGinty v.*

---

1. This court notes that Veterans Administration Disability Compensation under 38 U.S.C.S. sec. 3101(a) (Law. Co-op. 1981) was never community property and was never subject to division.

*Ex parte Burson,* 615 S.W.2d 192 (Tex.1981); *Ex parte Johnson,* 591 S.W.2d 453 (Tex.1979). The case at bar involves benefits under 10 U.S.C.S. sec. 1201 which were treated differently.

*McGinty,* 592 S.W.2d 34, 35 (Tex.Civ.App. —Beaumont 1979, writ dism'd).

The husband in this case correctly points out that these decisions were overruled by the U.S. Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) which held that federal law pre-empted state community property law and prohibited division of military retirement benefits upon divorce. He is also correct in pointing out that 10 U.S.C.S. 1408, which in effect overruled *McCarty,* expressly exempted from division disability retirement benefits under 10 U.S.C.S. sec. 1201, thereby leaving *McCarty* intact as to these benefits. However, 10 U.S.C.S. sec. 1408 does not apply retroactively to divorce decrees which became final prior to the *McCarty* decision, *In re Marriage of Hopkins,* 142 Cal.App.3d 350, 191 Cal.Rptr. 70, 77 (2d Dist.1983), nor does *McCarty* itself apply retroactively to decrees which became final before its rendition. *Segrest v. Segrest,* 649 S.W.2d 610, 613 (Tex.), *cert. denied,* —— U.S. ——, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983).

Therefore, the military disability retirement benefits in this case were divisible at the time the divorce decree became final. Since the trial judge found that the intent of the divorce decree and of the underlying settlement was to divide these disability retirement benefits, we hold that he erred in not enforcing the decree regardless of recent changes in federal law which were not retroactive. Appellant's first point of error is sustained.

We reverse and remand to the trial court with instructions to enter judgment enforcing appellant's rights under the divorce decree and in accordance with this opinion.