**John Milton PATRICK, Appellant,**

v.

**Mary Ann PATRICK, Appellee.**

**No. 2–86–107–CV.**

Court of Appeals of Texas,
Fort Worth.

April 1, 1987.

Richard B. Tanner, Plano, for appellant.

Royce Coleman, Denton, for appellee.

Before FENDER, C.J., BURDOCK, J., and HARRY HOPKINS, J. (Retired), sitting by assignment.

## OPINION

HARRY HOPKINS, Justice.

This is the second time this matter has been before this court. *See Patrick v. Patrick*, 693 S.W.2d 52 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). The first time we reversed the judgment of the trial court and remanded with instructions. Pursuant thereto the trial court conducted another hearing and entered judgment in favor of appellee. Appellant appeals from this latter action of the trial court granting appellee judgment in the amount of $33,-862.94, ordering that appellee is entitled to receive one-half of the benefits being paid appellant by the United States Air Force, correcting the wording of the property settlement agreement, and holding appellant in contempt for failing to comply with the divorce judgment.

The judgment is modified, and as modified is affirmed.

The facts relative to the dispute between the parties is set out in our previous opinion and will not be reiterated in this opinion. *See id.* at 52.

In his first point of error, appellant alleges the trial court erred in entering judgment for appellee because the courts of this state are without jurisdiction to litigate matters pertaining to military disability retirement pay subsequent to June 25, 1981, by virtue of the provisions contained in 10 U.S.C.A. sec. 1408(c)(1) (West 1983). In our former opinion this court held that such provisions do not apply retroactively to divorce decrees which become final prior to the decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *See Patrick*, 693 S.W.2d at 53–54. Such holding is now the "law of the case" and will govern the case throughout its subsequent stages. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). Accordingly, we reaffirm our previous holding and overrule appellant's first point of error.

In his second point of error appellant complains of the trial court's action in correcting certain language appearing in the property settlement agreement. In our opinion in the first appeal of this case, we noted that the trial judge "made an unequivocal oral finding from the bench that the parties had agreed to divide the benefits the husband was receiving at the time of divorce, which was disability pay." *See Patrick*, 693 S.W.2d at 53. Our opinion further held, "we believe the evidence conclusively established that the parties intended to divide the disability benefits." *Id.* In the judgment from which the appellant now appeals, the trial judge recited,

[A]nd the Court further finds that MARY ANN PATRICK and JOHN MILTON PATRICK agreed to divide the benefits being received by JOHN MILTON PATRICK from the Department of the Air Force regardless of whether they were temporary disability benefits, permanent disability benefits, retirement payments and that one-half of such funds received by JOHN MILTON PATRICK from the United States Government through the Department of the Air Force were divided by said Settlement Agreement and that MARY ANN PATRICK is entitled to receive one-half of same....

There was no request for separate findings of fact other than those recited in the judgment and none were filed. The trial court further found the property settlement agreement did not correctly express the intentions and agreement of the parties as to the division of the benefits and the court proceeded to modify the language of the property settlement agreement so as to correctly express their agreement. The appellant is correct when he asserts that the trial court was without authority to rewrite the divorce decree. The trial court had long since lost its plenary power over the 1981 decree and retained only its inherent power to clarify or enforce the decree. *See Allen v. Allen,* 717 S.W.2d 311, 312 (Tex. 1986); TEX.R.CIV.P. 329b. However, the judgment is clear that the trial judge did not rewrite the decree but merely modified the language of the property settlement agreement so as to correctly reflect the parties' agreement as to the division of the benefits being received by appellant. This the trial court had authority to do under the laws applicable to contracts rather than the laws governing final judgments. *See Herbert v. Herbert,* 30 Tex.Sup.Ct.J. 282, 283 (Mar. 11, 1987), citing *Allen,* 717 S.W.2d at 313. Contract law provides that the property settlement agreement may be reformed to correctly reflect the true intent of the parties. *See Allen,* 717 S.W.2d at 313. Appellant's second point of error is overruled.

The third point of error complains of the trial court's action in holding appellant in contempt of court because of appellant's refusal to execute a document authorizing the Air Force to pay one-half of his benefits to appellee. Appellant cites no authorities to support his contention and merely states in his brief that there is no instrument ordering appellant to sign such form and that there is no evidence in the record that appellant has in fact refused to sign such form.

The judgment recited in part as follows:

[T]he Court specifically finds he is in contempt of Court for his failure and refusal to sign said Air Force Authorization even though he was able to do so and properly requested to sign same....

The divorce decree provided in part:

[B]oth parties are directed promptly to execute, acknowledge and deliver all deeds, transfers, quit claims, mortgages, releases *and all other instruments in writing that may be necessary or desirable to carry out this judgment.* [Emphasis added.]

We hold that the above language of the decree is sufficient to compel appellant's execution of the Air Force authorization form.

We next address appellant's contention that there is no evidence in the record that he refused to sign such authorization form. In our prior opinion we reversed and remanded with instructions to enter judgment enforcing ex-wife's rights under the divorce decree and in accordance with our opinion. In its subsequent judgment, the trial court stated:

[T]he Court further finds that demand was made upon JOHN MILTON PATRICK to execute appropriate deeds, assignments or other conveyances which may be necessary to give proper and full effect to the provisions of the Settlement Agreements mentioned aforesaid as well as the Decree of Divorce and that specifically, he was requested to do so at the time of the hearing on March 22, 1984 as well as previous thereto and that he has refused to sign Exhibit 4 introduced into evidence at the time of said hearing....

After the present appeal was perfected, appellant filed a motion in this court seeking to have us consider the statement of facts from his prior appeal. In conjunction with this motion, appellant did not tender or file a properly certified statement of facts from the March 22, 1984 hearing; neither did he assert his inability to obtain such a document.

The following excerpt from *Nolan v. Bettis*, 577 S.W.2d 551 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.), is instructive regarding why appellant's motion was denied:

An appellate court may take notice of its records for purposes of *res adjudicata*, but an appellate court may not refer to the statement of facts of another case '... for the purpose of ascertaining a *fact* not shown in the record of the case before it ...' (Emphasis supplied by Supreme Court). *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942). [Citations omitted.]

The purpose of the rule is to permit an appellate court to protect and effectuate it judgments. The rule allows the court to notice prior judgments, pleadings, issues, identities of parties, and significant filing dates for purposes of *res adjudicata*. Appellant moves this Court to resort to the record (statement of facts) filed in a previous appeal dismissed for want of jurisdiction, not for purposes of *res adjudicata*, but instead to ascertain the existence or non-existence of facts to support a jury verdict, which evidence is not shown in a statement of facts in the appeal under consideration.

We admit appellant's argument is attractive in this case because a statement of facts, presumably reporting the entire trial of the cause, is presently in this Court's file room among the papers of another appeal. On the other hand, the orderly administration of justice requires that a properly certified statement of facts be filed with the transcript to insure that the statement of facts reflects all of the proceedings and all of the exhibits introduced in the trial of the cause on appeal. In such event, the appellate record will contain a statement of facts always readily available for examination by the Court. This is especially important in view of the many appeals that are transferred presently to other Courts of Civil Appeals by the Supreme Court in order to equalize the several dockets. Most important, however, the rule long followed by the Supreme Court requires that appellant's motion be overruled. [Citations omitted.]

*Id.* at 554–55.

After remand of the case at bar, the trial court held a brief hearing at which appellee testified solely regarding the amount of military disability retirement benefits she was entitled to receive from May, 1982 until the time of this hearing.[1] It is evident from reading the judgment that the trial court considered the evidence adduced at the prior March 22, 1984 hearing in this cause, at which the same trial judge presided. However, in our appellate review of the evidence we are bound by the rules enumerated in *Nolan*, and the record before us must be self-contained. *See id.* In this regard, pursuant to TEX.R.APP.P. 50(d) and 53(k) the burden is upon the party seeking review to see that a sufficient record is presented to show error requiring reversal. *See also Elkins v. Auto Recovery Bureau*, 649 S.W.2d 73, 76 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) (opinion on reh'g); *Texas Emp. Com'n. v. Bell Helicopter Intern.*, 627 S.W.2d 524, 526 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.). Appellant did not attempt to comply with TEX.R.APP.P. 53(d) which allows a party to request a partial statement of facts and file a statement of the points to be relied upon. In the event of proper compliance with this rule, there exists a presumption on appeal that nothing omitted from the record is relevant to any of the points

---

1. There was additional testimony concerning a request filed by appellant after remand, asking that final judgment not be rendered until the trial court has made a determination of appellant's mental health at the time he executed the property settlement agreement. The trial court's finding of competency has not been appealed.

specified or to the disposition of the appeal. *See id.*

■ Inasmuch as the trial court's judgment was based in part on the evidence adduced at the March 22, 1984 hearing, and since appellant has not met his burden of presenting a sufficient record on appeal to show the alleged error requiring reversal, we must presume in the absence of a complete statement of facts that the omitted evidence supports the trial court's finding that appellant refused to sign the Air Force authorization form. *See Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968) (per curiam); *see also Wingfield v. Bryant,* 614 S.W.2d 643, 645–46 (Tex.Civ.App.—Austin 1981, writ ref'd n.r.e.) (statement of facts from first appeal was not refiled in second appeal after remand). Accordingly, we find the evidence is sufficient to sustain the court's subsequent action holding appellant in contempt of court. Appellant's third point of error is overruled.

In his fourth point of error, appellant asserts it was error for the court to render a judgment against the United States Air Force. We agree.

The judgment provides in pertinent part:

IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that one-half of any and all funds which JOHN MILTON PATRICK is receiving from the United States Government Department of the Air Force by virtue of his military service, whether same be called temporary disability payments, permanent disability payments, retirement pay, or whatever same is called by the Air Force or any other agency thereof, *shall be paid over by the Department of the Air Force to MARY ANN PATRICK at such address or depository as she may so designate....* [Emphasis added.]

■ The Department of the Air Force was not a party to the proceedings and the trial court was without authority to enter any judgment purporting to order the said department to pay over a portion of the benefits to the appellee. TEX.R.CIV.P. 124 provides that no judgment shall be rendered against any defendant unless

upon proper service or appearance. *See also Fuqua v. Taylor,* 683 S.W.2d 735, 738 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *Texaco, Inc. v. Wolfe,* 601 S.W.2d 737, 742 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (opinion on reh'g). To this extent the judgment of the trial court is reformed so as to eliminate therefrom the portion of the above quoted judgment which we have underlined for emphasis purposes. *See* TEX.R.APP.P. 80(b)(2).

In his fifth and final point of error appellant alleges there was insufficient evidence to support the trial court's monetary judgment.

■ An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

We disagree with appellant's contention. The statement of facts now on file in this cause reveals the following testimony of appellee in response to questions by her attorney:

Q. Mrs. Patrick in terms of the amount of money that you were to receive under the decree of divorce in the property settlement agreement, have you computed those figures?

A. I computed on the knowledge I have. I'm unable to get ahold of the Air Force as to the exact—the complete figures, I computed it from March of '63 through February—'83 through February of '86.

Q. Let me ask you, did Mr. Patrick pay you for May and June of 1982?

A. No, he did not.

Q. And would the amount that you would have received for those two months be half of thirteen hundred and fifty a month for each one of those months?

A. Uh-huh. Yes.

Q. And for—and then did he pay you from March through September of '83?

A. No.

Q. And would the total amount for May and June of '82, March through September of '83, would that be seven thousand five hundred fifteen dollars?

A. I believe that was it, yeah.

Q. And then from October to September of '84, would your half have been ten thousand three hundred twenty six?

A. Yes.

Q. And from October 24th—October of '84 through September of '85, would your half have been ten thousand six thirty twenty-one?

A. Yes.

Q. And then from October of '85 through February of '86, would your half be four thousand five sixty two thirteen?

A. Yes.

Appellant's fifth point of error is overruled.

The judgment of the trial court is modified so as to delete the following language: "shall be paid over by the Department of the Air Force to Mary Ann Patrick at such address or depository as she may so designate." As modified, the judgment is in all things affirmed.