**Will RUFFIN, Jr., Appellant,**

**v.**

**Juanita P. RUFFIN and Juanice Katrina Ruffin, Appellees.**

No. C14–87–909–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1988.

---

James L. Phillips, Houston, for appellant.

Thomas J. Long, Houston, for appellees.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order for involuntary assignment of a portion of appellant's service-connected military retirement disability benefits for child support arrears, pursuant to Tex.Fam.Code Ann. § 14.43(d) (Vernon 1986). In eight points of error, appellant contends that his veterans' disability benefits cannot be withheld for payment of delinquent child support, and the trial court lacked jurisdiction to order the withholding of appellant's benefits. We affirm.

Mr. Ruffin, an Air Force retiree, and his wife were divorced on February 14, 1981, in the 245th District Court of Harris County, Texas. Pursuant to the divorce decree, Mr. Ruffin was ordered to make payments of $300 per month for the benefit of the couple's two minor children. These payments were to continue until the youngest child, Juanice Katrina Ruffin, reached the age of eighteen years. In addition, Mr. Ruffin was to receive a quitclaim deed to certain real property, upon payment of a $1600 note to Mrs. Ruffin.

Mr. Ruffin made only 40 of the 116 required child support payments between September 15, 1980, when the payments were to commence, and July 8, 1985, Juanice Ruffin's eighteenth birthday. On June 16, 1987, Mrs. Ruffin filed a motion to enforce the child support and note payment order.[1] After a hearing, the court found that Mr. Ruffin had failed to make child support payments in the amount of $11,210, and had failed to pay Mrs. Ruffin the $1600 due on the note, making the total amount of $12,810 due to Mrs. Ruffin and

---

1. The 245th District Court retained jurisdiction to enter a judgment for past-due child support because appellees' motion was filed within two years after Juanice reached her eighteenth birthday. TEX.FAM.CODE ANN. § 14.41(b) (Vernon Supp.1988).

Juanice Ruffin. The court's judgment went on to state:

IT IS ORDERED AND DECREED that WILL RUFFIN, JR. ... SHALL PAY TO JUANITA P. RUFFIN ... AND JUANICE K. RUFFIN ... 50% of his disposable earnings in order to fully discharge these arrears and the total amount of this Judgment is to be paid in not more than two (2) years after this Judgment is executed and entered; the amount ordered to be withheld is not less than FIVE HUNDRED THIRTY ($530.00) DOLLARS per month, said amount is to be paid as follows, beginning September 1, 1987 and continuing with a like payment on the 1st day of each month thereafter until the entire arrearage is paid. The Court further finds that the amount due for payment of the arrearage of ($12,810.00) *should be withheld from the retirement and all other earnings of the Respondent.* (emphasis added).

In his findings of fact and conclusions of law, the trial judge held that: the court had jurisdiction to hold appellant in arrears in the payment of child support ordered by a divorce decree; 38 U.S.C. § 211(a) neither vests exclusive jurisdiction in the Veterans' Administration on matters concerning veterans' benefits, nor preempts state court jurisdiction to enforce a veteran's child support obligation; state court jurisdiction is not preempted by 38 U.S.C. § 3101(a), which provides that veterans' benefits payments made to or on account of a beneficiary shall not be liable to attachment, levy or seizure; and that disability benefits are intended to provide compensation for disabled veterans and their families.

■ Appellant's first three points of error will be considered together. In point one he contends the trial court erred in ordering the withholding of fifty percent of his disposable earnings from *all* sources, because service-connected disability benefits cannot be withheld. In his second point, appellant contends the trial court erred in ordering that at least $530 per month be withheld from his disposable earnings, again because his disability benefits are exempt. In his third point, appel-

lant contends that the trial court erred in holding that the disability benefits he received from the Veterans' Administration and the United States Air Force were part of his monthly retirement and retainer pay.

Appellant cites *Veterans Administration v. Kee*, 706 S.W.2d 101 (Tex.1986), for the proposition that veterans' disability benefits cannot be garnished for payment of child support. Appellant also cites *Ex Parte Johnson*, 591 S.W.2d 453 (Tex.1979), which held that disability benefits are solely for the use of the disabled veteran. Appellant contends that because there is no evidence in the record that either the Veterans' Administration or the Air Force classified his disability benefits as retirement pay or a monthly retainer, these benefits are exempted from involuntary assignment.

The United States Supreme Court recently addressed the issues raised in appellant's points of error in *Rose v. Rose*, — U.S. —, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987). *Rose* involved a disabled Vietnam War veteran whose income consisted of benefits from the Veterans' and Social Security Administrations. Upon granting Rose and his wife a divorce, a Tennessee court ordered him to pay $800 per month as child support. In setting his financial responsibility for child support, the court considered factors identified by state statute, including the "earning capacity, obligations, and needs, and financial resources of each parent." TENN.CODE ANN. § 36–5–101(e)(3) (1984).

Rose contended that the Tennessee court lacked jurisdiction over disability benefits he received from the federal government, and the state statute which the court followed in setting the amount of child support was null and void under the Supremacy Clause, U.S. CONST., art. VI, cl. 2. The trial court granted summary judgment in favor of Tennessee and the Tennessee Court of Appeals affirmed. The Tennessee Supreme Court denied appellant's application for permission to appeal.

The United States Supreme Court affirmed, holding that the federal statutes governing veterans' disability benefits do

not "indicate unequivocally that a veteran's disability benefits are provided solely for that veteran's support." Therefore, the federal statutes did not preempt the state support statute. 107 S.Ct. at 2039. Writing for the majority, Justice Marshall noted that:

Given the traditional authority of state courts over the issue of child support, their unparalleled familiarity with local economic factors affecting divorced parents and children, and their experience in applying state statutes ... that do contain detailed support guidelines and establishing procedures for allocating resources following divorce, we conclude that Congress would surely have been more explicit had it intended the Administrator's apportionment power to displace a state court's power to enforce an order of child support. Thus we do not agree that ... the state court's award of child support from appellant's disability benefits does "major damage" to any "clear and substantial" federal interest created by this statute. 107 S.Ct. at 2035 (quoting *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979)).

The Court found that in providing veterans' disability benefits Congress intended to compensate for impaired earning capacity and to provide reasonable and adequate compensation for disabled veterans *and their families*. State contempt proceedings to enforce a valid child support order are consistent with this intent. 107 S.Ct. at 2036–37.

Texas courts may order any employer of the obligor to withhold up to 50 percent of the obligor's disposable earnings toward the liquidation of any child support arrears. TEX.FAM.CODE.ANN. § 14.43(d), (f) (Vernon Supp.1988). "Disposable earnings" include disability benefits. Any person, including the United States and any government entity, may be considered an "employer." TEX.FAM.CODE.ANN. § 14.30(a)(1)–(3) (Vernon Supp.1988). Therefore, Veterans' Administration disability benefits may be subject to withholding for child support arrears.

In *Rose*, the Supreme Court held that a state court order directing a beneficiary to pay a portion of his veterans' disability benefits for the support of his children does not undermine a substantial federal interest. In the present case, the trial court's order withholding a portion of appellant's disability benefits to pay child support meets the constitutional test in that it does not harm a substantial federal interest, and aids in supporting the appellant's family. Appellant's first three points of error are overruled.

Appellant's fourth point of error contends that there was insufficient evidence to support the trial court's finding that he was a retired person from the U.S. Air Force, receiving retirement pay. However, appellant states that the record shows he is receiving Veterans' Administration disability benefits. He claims this distinction is important because retirement benefits may be withheld for child support payments, while disability benefits may not.

The record does not contain a statement of facts from the hearing on appellees' motion to enforce the child support order. Because appellant failed to present a sufficient record on appeal, we must presume that the omitted evidence supports the trial court's finding that appellant is retired from the Air Force. TEX.R.APP.P. 50(d); *Patrick v. Patrick*, 728 S.W.2d 864, 867 (Tex.App.—Fort Worth 1987, writ ref'd n.r. e.). Furthermore, *Rose* holds that the trial court may order disability benefits withheld to pay child support. Appellant's fourth point of error is overruled.

■ Appellant's points of error five through eight will be considered together. In his fifth point of error, appellant contends the trial court erred in finding that it had jurisdiction to order the withholding of a portion of appellant's veteran's retirement benefits for payment of child support, because such benefits are not subject to withholding from disability earnings. In his sixth point of error, appellant contends the court erred in finding that its jurisdiction is not preempted by 38 U.S.C. § 3101(a), which states that Veterans' Administration benefits shall not be liable to

attachment, levy or seizure. In his seventh point of error, appellant contends the court erred in finding that disability benefits are intended to provide compensation for disabled veterans and their families. In his eighth point of error, appellant contends that the trial court erred in its conclusion of law that it had jurisdiction to order the withholding of appellant's disability benefits for payment of child support, because veterans' disability payments are not subject to wage assignment.

All of these points are answered by the *Rose* decision. The Supreme Court held that veterans' disability benefits are intended to provide reasonable and adequate compensation for disabled veterans and their families. *Rose*, 107 S.Ct. at 2036. Furthermore, the Court held that state-court jurisdiction was not preempted by 38 U.S.C. § 3101(a). The Court described the underlying purposes of section 3101(a) as to avoid placing the Veteran's Administration "in the position of a collection agency," and to protect the income of veterans dependent upon these benefits. 107 S.Ct. at 2036. Neither purpose is constrained by allowing a state court to hold a beneficiary in contempt for failing to pay child support. 107 S.Ct. at 2036. Similarly, the court in the present case could order the withholding of a portion of appellant's disability benefits for payment of past-due child support. Appellant's points of error five through eight are overruled.

In their brief, appellees raise three cross points; first, contending that appellant is barred by res judicata or collateral estoppal from asserting issues on appeal which he waived by failure to raise them at the hearing on appellees' motion to enforce the child support order; second, requesting that this court award attorney's fees and court costs to appellees, and impose sanctions against appellant, "for all of the proceedings below and for filing and pursuing this frivolous appeal"; and third, requesting that this court revoke the suspension of the trial court's contempt order against appellant, hold appellant in contempt for not complying with the child support and property distribution order, and order him fined and jailed until he complies with the trial court's order.

 We have considered appellees' cross points, and find them to be without merit. The first cross point simply misstates the law on the preservation of error for appellate review. The record contains no statement of facts from the hearing on appellant's motion to enforce the child support order. In the absence of a complete statement of facts we must presume that the omitted evidence supports the trial court's findings. *Patrick*, 728 S.W.2d at 867–68. Regarding cross points two and three, we find that the trial court's judgment gives adequate relief to appellees, and no further sanctions against appellant are necessary. The trial court's order already imposes all court costs against appellant. Appellee's three cross points are overruled.

The judgment of the trial court is affirmed.