**Edgar Allen SAENZ, Appellant,**

v.

**Yolanda T. SAENZ, Appellee.**

**No. 04–87–00406–CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 10, 1988.

Edgar A. Saenz, Los Angeles, Cal., pro se.

Kay Martinez, San Antonio, for appellee.

Before ESQUIVEL, BUTTS, and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from an order modifying a decree of divorce and declaring appellant in contempt for failure to pay child support. We affirm.

Appellant filed a motion to modify an original decree of divorce seeking a reduction in the amount of child support ordered therein and a change in visitation rights. Appellee answered by way of a general denial and filed a counterclaim seeking an arrearage judgment, an assignment of earnings order, and an order declaring appellant in contempt. After a hearing the court entered an order modifying the original decree of divorce. It reduced appellant's monthly support payments, modified the visitation rights afforded appellant in the original decree of divorce, and entered an order directing appellant's employers to withhold his wages in conformity with TEX.FAM.CODE ANN. § 14.43 (Vernon Supp.1988). The court also granted judgment for arrearages in conformity with § 14.41(a) of the Family Code in favor of appellee and against appellant in the amount of $3,925.00 and attorney's fees of $750.00. The court also adjudged appellant in contempt and assessed his punishment at confinement for a period of six (6) months and a fine of $500.00. The enforcement of the committment order was suspended for a period of six (6) months and appellant was placed on probation for a like period. As a condition of the probation, appellant was ordered to pay the arrearage of $3,925.00 and the attorney's fees of $750.00 to appellee on or before a specified time. A hearing was thereafter held on appellee's motion to revoke the order suspending appellant's committment and the court found that appellant had failed to comply with the conditions of his probation by failing to pay the arrearage and attorney's fees, revoked the order suspending appellant's committment, and appellant was ordered committed to jail. This appeal followed.

No findings of fact and conclusions of law have been filed in this case. We note from the record that appellant requested the court to make and file findings of fact and conclusions of law but did not call their omission to the attention of the trial judge as required by TEX.R.CIV.P. 297.

We further point out that the record in this case contains no statement of facts.

Appellant has filed this appeal pro se seeking reversal on three points of error. First, appellant contends that the trial court erred in the amount it reduced the child support to because the reduced amount was ouside the range recommended by Rule 5 of the Supreme Court guidelines for the support of one child. In support of his contention appellant alleges that there is no evidence to establish the presence of "relevant factors" which would permit the trial court to exceed the range of 19% to 23% of appellant's net resources as provided by Rule 4 of the Supreme

Court guidelines. Second, appellant contends that the trial court abused it's discretion in awarding attorneys fees to appellee. In this regard he points out that it was undisputed that he could not afford an attorney himself and that no evidence was presented that appellee was unable to pay her own attorney. Third, appellant contends that the trial court erred in finding him in contempt. In support of this contention he alleges that the evidence was uncontroverted that the original decree of divorce set the child support at an unrealistic level; that the evidence showed that he made his child support under the original decree on a fairly regular schedule and that he testified and presented evidence that the amount of payments he did make were the most he was capable of paying; and that the contempt order was based on the performance of an unlawful decree that provided for escalation of the original amount of ordered child support not based on the needs of the child but upon the abritrary application of a formula.

■ We lack jurisdiction to consider appellant's third point of error concerning the contempt order. There is no appeal from an order holding a person in contempt. Relief is available only through application for writ of habeas corpus. *Grimes v. Grimes*, 706 S.W.2d 340, 343 (Tex.App.—San Antonio 1986, writ dism'd).

■ None of appellant's assignments of error complain that the judgment is not within the scope of the pleadings. We conclude that all of appellant's assignments of error require a review of the evidence, and because of the absence of a statement of facts we cannot review the evidence.

The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. TEX.R. APP.P. 50(d).

Ordinarily, without a statement of facts or findings of fact, it will be presumed that the evidence was sufficient and that every fact necessary to support the findings and judgment within the scope of the pleadings was proved at trial. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793 (Tex. 1987); *Patrick v. Patrick*, 728 S.W.2d 864 (Tex.App.—Fort Worth 1987, writ ref'd n.r. e.). We so hold in this case. The points of error are without merit and are overruled.

The judgment of the trial court is affirmed.

CANTU, Justice, concurring.

Because the appellee has failed to file a brief challenging any of the facts set out in appellant's brief I would resort to TEX.R. APP.P. 74(f) and reverse and remand. Inasmuch as the majority refuses to apply Rule 74(f) I concur in the result with the reservation that I would not characterize appellant's points of error as being without merit. Rather I would hold they are not reviewable.