SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,

v.

CAFI COMPANY, INC. Appellee.

No. 09–88–262–CV.

Court of Appeals of Texas, Beaumont.

Aug. 31, 1989.

Rehearing Denied Sept. 27, 1989.

Michael J. Truncale, Beaumont, for appellant.

Kenneth D. Furlow, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

This suit involves a claim by appellant for damages to a telephone cable resulting when an employee of appellee drilled into an underground telephone cable owned by appellant. The jury found that appellee, Cafi Company, Inc., trespassed against the personal property of appellant, Southwestern Bell Telephone Company, and that such trespass was a producing cause of damages to appellant's personal property. The jury awarded Southwestern Bell damages against Cafi in the amount of $1,148.17 as the reasonable cost of repairs to the cable. The trial court awarded judgment in accordance with the jury's verdict. Appellant has perfected this appeal from the trial court's judgment.

Appellant urges seven points of error, each of which, in essence, complains that the evidence was legally, or factually insufficient to support the jury's verdict. Appellant argues that the undisputed evidence shows that the reasonable cost of repairs

was $9,962.80. Appellant argues that the jury awarded only the cost of materials and the cost of obtaining a contractor to dig down to the damaged cable as damages. Appellant complains that the jury improperly refused to award any recovery for the cost of the labor of Southwestern Bell employees who repaired the cable.

■ The statement of facts filed by appellant does not purport to contain all the evidence introduced at trial. An appellant has the burden of presenting a record on appeal which is sufficient to show error requiring reversal. *TEX.R.APP.P. 50(d)*. When the complaint on appeal is that the evidence is insufficient to support the verdict, an appellant cannot discharge his burden of showing error in the absence of a complete or agreed statement of facts. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968) (per curiam); *Rowlett v. Colortek, Inc.*, 741 S.W.2d 206 (Tex.App.— Dallas 1987, writ denied).

*TEX.R.APP.P. 53(d)* reads as follows:

"Partial Statement. If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts."

■ In the present case appellant did not include a statement of the points it intended to rely upon in its request for a partial statement of facts. Therefore, we hold that appellant cannot benefit from the presumption that nothing omitted from the record would support the verdict of the jury. Since appellant has not met its burden of presenting a sufficient record on appeal to show the error requiring reversal, we must presume in the absence of a complete statement of facts that the omitted evidence supports the judgment. *Prather v. McNally*, 757 S.W.2d 124 (Tex. App.—Dallas 1988, no writ); *Patrick v.*

*Patrick,* 728 S.W.2d 864 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.).

▇ Appellant's brief contains statements that there was no evidence or insufficient evidence introduced to support the jury's refusal to award damages for labor costs. Appellee has filed no brief; therefore, these statements are not refuted. Under *TEX.R.APP.P. 74(f),* we "may," therefore, treat the statements in appellant's brief as true. However, in the absence of a complete statement of facts and failure to comply with *TEX.R.APP.P. 53(d)* [1], we will decline to accept as true statements in appellant's brief that the evidence was legally and factually insufficient. *See Saenz v. Saenz,* 756 S.W.2d 93 (Tex.App.—San Antonio 1988, no writ). Therefore, appellant has not met its burden of showing reversible error.

The judgment of the trial court is affirmed.

Affirmed.

BROOKSHIRE, Justice, dissenting.

I respectfully dissent. Appellee has totally failed to file a brief. No motions for extensions of time to prepare the brief were made by Appellee. Hence, there is no challenge to any of the unequivocal facts clearly and dogmatically asserted in the Appellant's brief. The Appellee, of course, had the benefit of the Appellant's brief. Appellee knew the factual assertions boldly made by Appellant. Nevertheless, Appellee did nothing.

Considering the chronology of the appellate steps herein, I think that *TEX.R.APP.P. 74(f)* is the governing, paramount rule. It is certainly the rule that comes into play at the crucial, relevant time in this appeal. The dispositive part of *Rule 74(f)* reads:

"... Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party."

Appellee has made no challenge whatsoever.

*TEX.R.APP.P. 74(m)* mandates that the appellee shall file his brief within twenty-five days after the filing of the appellant's brief.

This appeal was set for oral argument. Even so, the Appellee never filed any type of brief or made any type of challenge. *Rule 74(m).* The Court, I respectfully submit, has overlooked *TEX.R.APP.P. 53(b)* which provides in substance that within ten days after service of the copy of the Appellant's request to the official court reporter designating the portion of the evidence and other proceedings to be included in the statement of facts that any other party, here this Appellee, may request additional portions of the evidence or other proceedings. The Appellee did not avail itself of any of the beneficial effects of *Rule 53(b).*

The record lucidly shows that the jury awarded merely the actual cost of materials involved and the cost of employing an independent contractor to dig down to the drilled into cable as damages. The jury failed to award even a single penny for the cost of the arduous labor of the Southwestern Bell employees themselves who actually repaired the cable after the same was exposed and reached for their extensive, expensive repair work. This is clearly an injustice. *See and compare Saenz v. Saenz,* 756 S.W.2d 93 (Tex.App.—San Antonio 1988, no writ).

The record before us cries out for the application of *TEX.R.CIV.P. 1. Rule 1* states that the real objective of the Rules of Civil Procedure is to obtain a just, fair, equitable and impartial adjudication of substantive law rights of the litigants. The substantive law rights of the Appellant, I respectfully state, have been gutted. Moreover, the Appellee has, in reality, emerged victorious by doing nothing and by ignoring *TEX.R.APP.P. 74(m).*

Again, the Appellee did nothing even though the Appellant made definite statements in its original brief to certain, ulti-

---

**1.** We note that the only testimony included in the statement of facts was that of three of appel-

lant's own employees.

mate facts. Such statements included facts that there was no testimony or evidence controverting the facts that the charges for labor, materials, and equipment used in the repair work were reasonable and necessary; and that the cost of repairing the cable was $9,962.80. Another factual statement in Appellant's original brief is that the $1,148.17 does not include one penny for the labor and overhead charge for 79.5 regular hours and 122.75 overtime hours of repair work performed by Appellant's employees, themselves, on the cable, upon which the Appellee trespassed and damaged. Thus, the majority has not properly considered *TEX.R.APP.P. 74(f)*.

Hence, I must respectfully dissent.