In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00023-CV


______________________________




RAFFAELE M. PANDOZY, Appellant



V.



MARY ANN BEATY, Appellee




 


On Appeal from the 101st Judicial District Court


Dallas County, Texas


Trial Court No. DC-03-05712-E




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Raffaele M. Pandozy has filed an appeal that states it is from the issuance of five different
orders in connection with his lawsuit against his former wife's attorney. We quote from his notice
of appeal below. It states that he is appealing from:

 1. Order Holding Respondent [Pandozy] in Contempt and for Commitment to
County Jail, signed on July 23, 2007.

 2. Order of Attachment, signed on July 17, 2007

 3. Turnover Order, signed on July 17, 2007

 4. Order Declaring 'Raffaele M. Pandozy a Vexatious Litigant, signed on
July 17, 2007.

 5. Order Denying Motion to Sever Judgment of December 4, 2003, signed on
August 28, 2007.

 

 The judgment of dismissal of the underlying action was signed on December 4, 2003. This
notice of appeal was filed four years later, on October 15, 2007. As in any case, the first question
is whether we have jurisdiction over the appeal. 

 Generally, only final decisions of trial courts are appealable. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985); see Tex. Civ.
Prac. & Rem. Code Ann. § 51.012 (Vernon 1997) (final judgment of district and county courts). 
Some appeals from particular types of interlocutory orders have also been authorized by the
Legislature. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2007). 
Therefore, appeals can generally be taken only from final judgments and appealable interlocutory
orders. Lehmann, 39 S.W.3d at 195. Generally, if an order is not either a final judgment, or one
from which the Legislature has authorized appeal, we have no authority to review the court's ruling. 

 In this case, there are two separate problems. The first involves the appellate timetable and
the timeliness of any attempted appeal, either from the judgment or from later orders, while the
second involves the question of whether any of the 2007 orders are individually appealable. 

 It is clear that if this is an attempt to appeal from the 2003 judgment, it is untimely brought,
and we may not address it. (1) The notice of appeal also refers to several separate orders within its
body, and reading it liberally, we will also look to see whether any appeal from these orders is
properly within our jurisdiction to consider. These are all orders entered post-judgment in the
underlying proceeding. 

1) The Order of Contempt, Signed July 23, 2007

 On August 31, 2007, Pandozy filed a request seeking the entry of findings of fact and
conclusions of law on an August 22 judgment. There is no August 22 judgment. However, the
request goes on to specifically seek findings on Pandozy's motion to sever the December 4, 2003,
judgment, motion to set aside the judgment for contempt, and his motion for a protective order
against production, and to quash depositions. The request was not filed within twenty days of the
date on which the order of contempt was signed, and, thus, an appeal from that order is not timely. (2)

 However, regardless of timeliness, in Texas there is no appeal from an order holding a person
in contempt that involves jail time, as does this one. Ex parte Williams, 690 S.W.2d 243 n.1 (Tex.
1985); Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967); Saenz v. Saenz, 756 S.W.2d 93, 95
(Tex. App.--San Antonio 1988, no writ). Relief is available only through an application for writ
of habeas corpus. Grimes v. Grimes, 706 S.W.2d 340, 343 (Tex. App.--San Antonio 1986, writ
dism'd) (citing Wagner v. Warnash, 156 Tex. 334, 295 S.W.2d 890, 893 (1956)). Contempt orders
that do not involve confinement may be reviewed only through mandamus. In re Long, 984 S.W.2d
623, 625 (Tex. 1999) (orig. proceeding); Tracy v. Tracy, 219 S.W.3d 527, 530 (Tex. App.--Dallas
2007, no pet.).

 For either of these alternative reasons, no appeal from the 2007 contempt order can be
properly considered by this Court.

2) Order of Attachment [Directing that he be brought before the court--Pandozy failed
to appear], Signed on July 17, 2007

 Pandozy's August 31, 2007, request for findings of fact does not reference this order in any
respect. Thus, it could not serve to extend the appellate timetable, and even if the order was one that
was appealable, the notice of appeal was filed nearly ninety days after the order was signed, and thus
would clearly be untimely. (3) The untimely filed notice of appeal could thus not serve to invoke the
jurisdiction of this Court.

3) Turnover Order, Signed July 17, 2007 

 Pandozy's August 31, 2007, request for findings of fact does not reference the turnover order
in any respect, and did not serve to extend the appellate timetable for that order. (4) The notice of
appeal was filed nearly ninety days after the turnover order was signed, and thus, under any
combination of circumstances, was untimely. Therefore, we also lack jurisdiction over this portion
of Pandozy's appeal. Even had the notice of appeal been timely filed, Pandozy states in his brief that
he paid the sums due under the judgment that were the basis for the turnover order. Accordingly,
the issue of its correctness is now moot. See Marshall v. Housing Auth. of the City of San Antonio,
198 S.W.3d 782, 787 (Tex. 2006).

4) Order Declaring Pandozy "Vexatious Litigant," Signed July 17, 2007

 Yet again, the request for findings of fact does not seek any findings concerning the order
dated July 17, 2007, nor does it state that it is a request for such findings in any regard. Assuming
that it was a separate, appealable order, the time for filing a notice of appeal expired on August 18,
2007. (5) The notice of appeal was untimely, and we do not have jurisdiction over the appeal.

5) Order Denying Motion to Sever Judgment of December 4, 2003, Signed August 28, 2007 

 Pandozy's request for findings of fact does not refer to this order in any respect. Thus, even
were this order appealable, any notice of appeal was required to be filed no later than thirty days after
that date: September 28, 2007. (6) The notice of appeal was filed on October 15. The notice of appeal
was untimely and was also not filed within the potential grace period for late filing. 

 We have no jurisdiction over any aspect of this attempted appeal.

 We dismiss the appeal for want of jurisdiction.




 Bailey C. Moseley

 Justice


Date Submitted: March 13, 2008

Date Decided: March 14, 2008


1. Tex. R. App. P. 26.1.
2. See Tex. R. App. P. 26.1(a)(4).
3. See Tex. R. App. P. 26.1.
4. As a general rule, turnover orders are final, appealable orders. See Burns v. Miller,
Hiersche, Martens & Hayward, P.C., 909 S.W.2d 505, 506 (Tex. 1995); In re Hamel, 180 S.W.3d
226, 229 (Tex. App.--San Antonio 2005, orig. proceeding).
5. Tex. R. App. P. 26.1.
6. Tex. R. App. P. 26.1.


eption Locked="false" Priority="67" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00183-CR

                                                ______________________________

 

 

                              WILLIAM HOWARD NELSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 07F0228-202

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

             

            William
Howard Nelson was convicted by a Bowie County jury of aggravated assault.   The jury also assessed punishment; the jury
found two enhancement allegations true and assessed a sentence of thirty years
incarceration and a fine of $10,000.00.[1]  On appeal, Nelson claims that the trial court
did not have jurisdiction to enter a sentence of thirty years for a second
degree felony and that an error in the trial courts judgment renders the
judgment void.   We overrule Nelsons
points of error and affirm the trial courts judgment and sentence.

I.          Judgment Nunc Pro Tunc

            Nelsons
two points of error concern the trial courts judgment and sentence; the
underlying facts of the case are not in dispute.   After finding Nelson guilty of aggravated
assault, the jury heard evidence on punishment.   First, the prosecutor read two enhancement
allegations, one alleging a prior felony conviction for possession of a controlled
substance in Arkansas, and another alleging a prior felony conviction in
Texas.  Nelson pled true to both
allegations.  The State then offered two
pen packets, one of which (States exhibit 7) proved the Arkansas conviction;
the other (States exhibit 8) proved the Texas conviction.  The trial courts charge to the jury
instructed the jury that Nelson had pled true to the two enhancement
allegations; the jury was instructed to find those allegations true and issue a
sentence of not less than twenty-five years, not more than ninety-nine years,
or life imprisonment.   The jurys
verdict found the two enhancement allegations true and assessed a sentence of
thirty years.   Aggravated assault is a
second degree felony, with a range of punishment of not less than two, not more
than twenty years incarceration.  Tex. Penal Code Ann. § 12.33 (Vernon
Supp. 2009).   With two adequately proved
enhancement allegations, that range of punishment is increased to not less than
twenty-five, not more than ninety-nine years in prison, or life.   Tex.
Penal Code Ann. § 12.42(d).  


            Notwithstanding
Nelsons pleas of true to the two enhancement claims, and the jurys verdict,
the trial courts judgment states N/A in the blanks for pleas to enhancement
paragraphs and findings on enhancement paragraphs.   Nelson claims, in his first point of error,
that because, according to the judgment, there was no finding on any enhancement
allegation, the crime for which he was convicted was still a second degree
felony.  Therefore, reasons Nelson, the
trial court was without jurisdiction to sentence him beyond the second degree
felony punishment range of not less than two, not more than twenty years.   In his second point of error, Nelson claims
the sentence is void because it is outside the statutory range of punishment
for a second degree felony.

            The
State responds that the trial court judgment contains a clerical error and
directs us to an amended, or nunc pro tunc, judgment in the trial courts
file.  The amended judgment correctly
reflects Nelsons pleas of true to the two enhancement allegations read to
the jury and indicates the trial court found both allegations to be true.   As a general rule, when the oral
pronouncement of sentence and the written judgment differ, the oral
pronouncement controls.  Ex parte Huskins, 176 S.W.3d 818, 820
(Tex. Crim. App. 2005); see also Ex parte Thompson, 273 S.W.3d 177, 178
n.3 (Tex. Crim. App. 2008) (when oral pronouncement of sentence and written
judgment vary, oral pronouncement controls and written judgment can be
corrected via nunc pro tunc).  A nunc pro
tunc judgment is appropriate to correct clerical errors in a judgment.  A clerical error is one in which no judicial
reasoning contributed to [its] entry, and for some reason [was] not entered of
record at the proper time.  State v. Bates, 889 S.W.2d 306, 309
(Tex. Crim. App. 1994); State v. Dudley,
223 S.W.3d 717, 72122 (Tex. App.Tyler 2007, no pet.); see also Tex. R. App. P.
23.1, 23.2.  Nunc pro tunc orders are not
appropriate to address judicial errors, errors that are the product of
judicial reasoning or determination.  Bates, 889 S.W.2d at 309; Dudley, 223 S.W.3d at 722.

            Nelson
clearly pled true to the enhancement allegations, and the jury found them
true.   The original judgment did not
accurately reflect those matters, and the trial courts amended judgment was an
appropriate remedy to make the written judgment correctly reflect proceedings
in the trial court and the trial courts pronounced sentence.  Jones
v. State, 795 S.W.2d 199, 202 n.1 (Tex. Crim. App. 1990) (purpose of nunc
pro tunc order is to have court records accurately reflect judgment actually
rendered).  The trial court merely
corrected a clerical error.  As the
judgment now correctly states that the enhancement allegations were found to be
true, there is nothing to support Nelsons argument that based on the face of
the judgment, his sentence was not within the statutory range of
punishment.  Accordingly, Nelsons two
appellate points of error must fail.     


 

 

II.        The
Enhancement Allegations

            Although
not initially raised by Nelson, upon our review of the record, we
discovered  some anomalies in the
record.  When the State first indicted
Nelson, a prior felony conviction in Arkansas was alleged as an enhancing
allegation.  Later, the State amended the
indictment; in the amended indictment:  the
Arkansas conviction was deleted and two Texas felony convictions were alleged
for the purpose of enhancing Nelsons range of punishment.  Then, when the State read the enhancement
allegations at the beginning of the punishment phase of trial, rather than
reading the enhancements in the amended indictment, the State read or announced
the Arkansas conviction and one of the Texas convictions from the amended
indictment.  Nelson then entered a plea
of true to the enhancement allegations. 
An explanation for this action appears to be that the two Texas
convictions, alleged in the amended indictment, were rendered on the same day
and resulted in concurrent sentences, thus defeating the sequencing requirement
of Section 12.42(d) of the Texas Penal Code ([t]he second previous felony is
for an offense that occurred subsequent to the first previous conviction having
become final . . . .). 

            Enhancement
allegations which would increase a defendants range of punishment do not have
to be alleged in the indictment; the defendant, though, must be afforded
adequate notice of the States intent to seek a greater range of
punishment.   Brooks v. State, 957 S.W.2d 30, 3334 (Tex. Crim. App. 1997).  Further, the Texas Court of Criminal Appeals
has held that due process does not even require that the notice be given
before the guilt phase begins, and where the defendant does not offer a
defense to the enhancement allegations or suggest he or she needs a continuance
in order to prepare a defense, notice given at the beginning of the punishment
phase satisfies the federal constitution. 
Villescas v. State, 189 S.W.3d
290, 294 (Tex. Crim. App. 2006).  

            During
the trial, it was apparent that the State was attempting to enhance Nelsons  punishment with previous convictions.  In voir dire, the State discussed the
possibility that Nelsons sentencing range, if convicted, could be that of a
second degree felony or twenty-five to ninety-nine years or life.  Nelson made no objection, and he did not
object to the punishment charge or evince any surprise that he faced the
enhanced punishment range.[2]
 No defense was presented to these
allegations, and no continuance was sought. 


            Once
the State established its intent to seek the enhanced range of punishment, it
had to adequately prove those allegations. 
Previously, the State had given Nelson notice that the Arkansas
conviction would be used as one of the enhancement allegations.  While it might be argued (though Nelson does
not) that the State abandoned the Arkansas conviction as an enhancing felony
conviction after not re-alleging it in the amended indictment, such argument
would not prevail.  Even though the
Arkansas conviction was no longer alleged in the indictment, Nelson was on
notice (a) that the State intended to seek the higher range of punishment and
(b) that the State was aware of the Arkansas conviction and the two Texas
convictions. With this information, Nelson had ample opportunity to verify the
accuracy of these previous convictions. 
Evidence of all three convictions, in the form of judgments and a Texas
pen packet, were admitted at trial without objection, and Nelson distinctly
pled true when the Arkansas conviction and one of the Texas convictions were
read aloud to him at trial.  Further,
there was no objection when the jury was instructed concerning the use of the
Arkansas conviction to enhance punishment. 


            There
being adequate notice to Nelson of the States intent, and sufficient proof (to
which Nelson had no objections), we find no error in Nelsons being subjected
to the enhanced range of punishment.  We
affirm the trial courts judgment and sentence, as amended by the trial
court.  

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May
10, 2010

Date Decided:             June
29, 2010

 

Do Not Publish           

 











[1]In
neither the trial courts judgment nor its later amended judgment was the fine
imposed.  Section 12.42(d) of the Texas
Penal Code does not provide for a fine, despite the trial courts including
that provision in its charge.  Tex. Penal Code Ann. § 12.42(d) (Vernon
Supp. 2009).

 





[2]Compare
Hughen v. State, 265 S.W.3d 473 (Tex.
App.Texarkana 2008), affd, 297
S.W.3d 330 (Tex. Crim. App. 2009) (no error where defendant had notice well
before and throughout trial State intended to seek enhanced punishment range;
trial court ruled, at beginning of punishment, enhancement would not be
allowed; following close of punishment evidence, but before reading the charge
or allowing final argument, trial court allowed enhancement to be sought).