**Robert MENDEZ, Appellant,**

v.

**ATTORNEY GENERAL OF TEXAS, Appellee.**

No. 13–88–010–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1988.

Thomas M. Schumacher, Corpus Christi, for appellant.

Michael Ryan, Atty. General's Office, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant, Robert Mendez, appeals from the trial court's order holding him in contempt for failure to pay child support and granting a judgment of $8,280.00 in favor of appellee, the Attorney General of Texas. We overrule appellant's three points of error and affirm the judgment of the trial court.

On January 8, 1980, appellee filed suit against appellant to establish paternity and obtain child support. On December 21, 1981, the trial court held a hearing on the merits and found that appellant was the biological father of the minor who was the subject of the suit; the court further ordered appellant to pay $60.00 semi-monthly in child support.

On July 27, 1987, appellee filed a motion for contempt in which it alleged that appellant "willfully failed to make child support payments from January 15, 1982, through June 15, 1987, whereby he should have paid $7,860.00, but only paid $0.00." The citation was issued on August 10 and served on appellant on August 18, 1987.

Appellant filed a motion to transfer venue from Nueces County to Kleberg County on September 24, 1987, which the trial court denied.

The court heard appellee's motion on October 6, 1987, and ordered that: 1) appellant was in contempt of court; 2) appellee was to recover from appellant a judgment for $8,280.00 in unpaid child support; 3) appellant was to be committed to the Nueces County Jail for 90 days until purged of contempt; 4) the jail sentence will be suspended if appellant resumes paying child support as ordered; and 5) appellant's employer shall withhold from appellant's disposable earnings certain sums for payment of past and future child support.

■ Appellant asserts by his first point of error that the trial court erred in denying his motion to transfer venue.[1]

Appellant's motion stated that according to appellee's motion for contempt and supporting affidavit, the mother and managing conservator of the minor child was a resident of Kingsville in Kleberg County, Texas. Appellant requested that the trial court transfer venue to Kleberg County pursuant to the mandatory provisions of section 11.06 of the Family Code.

Tex.Fam.Code Ann. § 11.06(b) (Vernon 1986) provides:

If a petition for further action concerning the child or a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, on the timely motion of any party, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed. If the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has resided in that county for less than six months at the time the proceeding is commenced. If the child resided in another county for six months or longer, the court shall transfer the proceeding to that county. In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the said six-months period.

■ Tex Fam.Code Ann. § 11.06(f) (Vernon 1986) sets forth the procedural requirements for the motion:

A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by any other party is timely if it is made on or before the Monday next after the expiration of 20 days after the date of service of citation or notice of the action or before the commencement of the hearing, *whichever is sooner.* If a

---

1. The order denying the motion is an appealable matter under Tex.Fam.Code Ann. § 11.06(i) (Vernon 1986), which prohibits only interlocu-

tory appeals. *See Proffer v. Yates,* 734 S.W.2d 671, 672–73 (Tex.1987).

timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly without a hearing to the proper court. (Emphasis added.)

The first Monday after the expiration of twenty days was September 14, 1987, and the hearing commenced on October 6. Hence, appellant would have had to file his motion by September 14, 1987, the earlier of the two dates, in order for it to have been timely. This he failed to do, as the motion was not filed until September 24, 1987. The motion to transfer not being timely, the transfer provisions of Section 11.06(f) were not mandated.

██ Appellant contends, however, that the trial court nevertheless should have considered his motion under Tex.R.Civ.P. 86 and Chapter 15 of the Texas Civil Practice and Remedies Code. We disagree. The transfer procedures in the Family Code governing suits affecting the parent-child relationship were designed to supplant regular venue rules of the rules of civil procedure, and are the exclusive mechanism for transferring the case or challenging venue. *Beyer v. Diaz,* 585 S.W.2d 359, 360 (Tex. Civ.App.—Dallas 1979, no writ); *Brown v. Brown,* 566 S.W.2d 378, 380 (Tex.Civ.App. —Corpus Christi 1978, no writ). We overrule point one.

Appellant asserts by his second and third points of error that the trial court erred in holding him in contempt and in granting a money judgment against him because the original order which he was charged with violating was ambiguous.

██ This Court lacks jurisdiction to review by appeal the trial court's issuance of the contempt order. *Ex Parte Cardwell,* 416 S.W.2d 382, 384 (Tex.1967). Consequently, we overrule point of error two.

We will, however, address appellant's third point of error which attacks the $8,280.00 money judgment awarded to appellee.

The original child support order states, in pertinent part:

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that ROBERT MENDEZ be and is hereby appointed Managing Conservator [2] of the child. The Managing Conservator shall have all the rights, privileges, duties and powers of a parent as provided in Section 14.02 of the Texas Family Code.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that ROBERT MENDEZ be and is hereby appointed Possessory Conservator of the child, JASON VIDAL MIO NAJAR.

\* \* \* \* \* \*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ROBERT MENDEZ pay child support for his child in the sum of $60.00 semi-monthly, with the first payment due on the 15th day of January, 1982, and a like amount due on the 1st and 15th day of each month until the child with respect to whom payments are made, shall attain the age of 18.

Appellant asserts that because the order appoints him as both Managing and Possessory Conservator of the minor child, it fails to clearly inform him of his duties and is, by nature, ambiguous.

██ We recognize that in order for a person to be held in contempt for disobeying a court decree, the decree must spell out the requirements for compliance in clear, specific and unambiguous terms. *See Ex Parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967).

██ However, the portions of the trial court's child support order which are the targets of appellant's attack deal exclusively with conservatorship of the child. These are not the portions which appellant was accused of violating in appellee's motion for contempt; nor are they the basis for the trial court's final judgment. The ambi-

---

**2.** The designation of Mr. Mendez as Managing Conservator appears to be a typographical error in view of a previous paragraph in the order, which reads: "The court finds that the best interests of the child would be served by the appointment of ENEDINA Q. NAJAR as Managing Conservator."

guity of the conservatorship provisions does not excuse appellant's failure to comply with the court's order to pay child support. We overrule point three.

The judgment of the trial court is AFFIRMED.