Mark Anthony WEAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–00–015–CR.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Nov. 14, 2002.

---

Tony Aninao, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney, Bridget Anderson, Calvin A. Hartmann, Assistant District Attorneys, Houston, for appellee.

Before Chief Justice VALDEZ and Justices DORSEY and BAIRD.[1]

## OPINION

Opinion by Justice BAIRD (Assigned).

Appellant was charged by information with the misdemeanor offense of assault. A jury convicted appellant of the charged offense. The trial judge assessed punishment at confinement for one year and a fine of $4,000. Appellant raises ten points of error. We reverse.

## I. Sufficiency Challenges.

The ninth and tenth points of error challenge the legal and factual sufficiency of the evidence to support the jury's verdict, respectively. When reviewing such challenges, we apply the well known standards of *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). When determining legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781. In determining factual sufficiency, we do not view the evidence "in the light most favorable to the prosecution." *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Rather, we ask whether a neutral review of all the evidence, both for and against the finding, demonstrates the proof of guilt is either so obviously weak as to undermine confidence in the jury's determination, or, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson*, 23 S.W.3d at 11. We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Wesbrook v. State*, 29 S.W.3d 103, 112 (Tex.Crim.App.2000).

### A. Factual Summary.

Andrea Moore testified she was living with appellant and his wife, the complainant, on the date alleged in the information. Moore heard appellant and the complainant arguing in the bedroom. The complainant exited the bedroom and said she had been slapped by appellant. Moore then witnessed appellant approach the complainant from behind, and punch her left eye. Moore testified the complainant put her hands over her face and appeared to be in pain. Appellant continued hitting the complainant on the back of her head. When appellant ordered Moore from the apartment, she responded that she was going to call the police. The altercation ended and appellant returned to the bedroom.

Corporal Mary Krebs worked with the Domestic Violence and Victims Services Unit of the Harris County Precinct Four Constable's Office. The complainant came to Krebs's office in an hysterical state.

---

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN § 74.003 (Vernon 1998).

Krebs could see that the complainant had injuries to her left eye, neck and breasts. Krebs photographed the complainant's injuries. These photographs were admitted into evidence. Krebs described the complainant as having "swelling in her left eye, and it was a bluish, purplish color."

The State rested at the conclusion of the testimony from these two witnesses. Appellant moved for an instructed verdict on the basis that the State had failed to prove "bodily injury." The trial judge overruled the motion due to the swelling of the complainant's eye. Appellant now argues the evidence is insufficient to prove the elemental fact of bodily injury because the complainant did not testify.

### C. Analysis.

■ The Penal Code defines bodily injury as "physical pain, illness, or any impairment of physical condition." Tex. Pen.Code Ann. § 1.07(a)(8) (Vernon 1997). This definition is "purposely broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim.App.1989). In the instant case, Moore testified the complainant appeared to be in pain after being struck in the left eye by appellant. The photographs taken by Krebs show a swelling to the complainant's left eye, as well as other injuries. Appellant has not directed us to any authority which requires the complainant to personally testify to the elemental fact of bodily injury. Similarly, our independent research has not revealed any such authority. While it may be preferable to have the complainant testify to that element, that testimony is not required to sustain a conviction. Consequently, we hold this evidence is both legally and factually sufficient to support the jury's ver-

dict. *Lewis v. State*, 530 S.W.2d 117, 118 (Tex.Crim.App.1975) (evidence that complainant suffered small bruise and physical pain sufficient evidence of bodily injury). Therefore, points of error nine and ten are overruled.

### II. Jury Argument.

The third point of error contends the trial judge erred in denying a mistrial following the prosecutor's comment on appellant's failure to testify.

### A. Factual Summary.

Appellant did not testify during the guilt phase of the trial. The trial judge instructed the jury as follows:

> Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

During the State's closing argument, the following exchange occurred:

> THE PROSECUTOR: Now, we all heard very credible testimony from an independent witness who sat right there on the stand and told you that that man, the Defendant (indicating), *sitting here right now looking like he really doesn't care one way or another what happens here today* [2]—
>
> DEFENSE COUNSEL: Your Honor, I'm gonna object to the attack on the Defendant as improper argument.

**2.** All emphasis is supplied unless otherwise indicated.

THE COURT: Sustained. Uh, please disregard the Prosecutor's comment about the Defendant's appearance. Consider it for no purpose whatsoever.
DEFENSE COUNSEL: Move for a mistrial, Your Honor.
THE COURT: That will be denied.

## B. Analysis.

### i. Preservation of Error.

As a general rule, to raise a jury argument complaint on appeal an appellant must show he objected and pursued his objection to an adverse ruling. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Otherwise, an appellant forfeits his right to complain. *Id.* In the instant case, appellant pursued his objection to an adverse ruling. Therefore, the issue is preserved for our review.

### ii. Closing Argument.

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex.Crim.App. [Panel Op.] 1980); *Faulkner v. State*, 940 S.W.2d 308, 311 (Tex. App.-Fort Worth 1997, pet. ref'd) (en banc op. on reh'g). The law provides for, and presumes a fair trial, free from improper argument by the prosecuting attorney. *Dickinson v. State*, 685 S.W.2d 320, 322 (Tex.Crim.App.1984); To be permissible, the State's jury argument must fall within one of four general areas: (1) summation

of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App.1990); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973).

Our law is clear that commenting upon the defendant's non-testimonial courtroom behavior to establish guilt is improper argument. *Good v. State*, 723 S.W.2d 734, 737 (Tex.Crim.App.1986).[3] The State concedes this point, and states the argument could have led the jury to reflect on appellant's failure to testify. App' br. pg. 9.[4] Accordingly, we find the State erred in making the complained of argument.

## C. Curative Instruction.

Even if an argument is outside of one of the permissible areas, an instruction to disregard the remarks will normally cure the error, unless "in light of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the accused." *Cooks v. State*, 844 S.W.2d 697, 727 (Tex.Crim.App.1992); *Reed v. State*, 991 S.W.2d 354, 362–63 (Tex.App.-Corpus Christi 1999, pet. ref'd). In the instant case, the improper argument commented upon the defendant's election to not testify. Article 38.08 of the Code of Criminal Procedure provides as follows:

> Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any

---

**3.** A prosecutor may comment on the defendant's non-testimonial demeanor only if it occurs during testimony. *Id.*

**4.** It should be noted that the prosecutor handling this appeal is not the attorney who made the improper argument. The public trust reposed in the law enforcement officers

of the Government requires that prosecutors be quick to confess error. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App.2002). We are pleased to see the attorney representing the State on this appeal is mindful of and has fulfilled her ethical obligation.

defendant to so testify shall not be taken as a circumstance against him, *nor shall the same be alluded to or commented on by counsel in the cause.*

TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon 1979).

Therefore, the prosecutor's improper argument violated this mandatory statute. *Campbell v. State,* 900 S.W.2d 763, 766 (Tex.App.-Waco 1995, no pet.) (recognizing also article 38.08 is mandatory statute). Additionally, the comment was prejudicial because it was accompanied by a gesture by the prosecutor specifically *identifying* appellant when the objectionable remark was uttered. When the improper comment and accompanying gesture are viewed from the jury's standpoint, the jury would naturally and necessarily take it as a comment on appellant's election to not testify. *Madden v. State,* 799 S.W.2d 683, 699 (Tex.Crim.App.1990) (The offensive language, "when viewed from the jury's standpoint, must be manifestly intended or be of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify."). Accordingly, we hold the improper argument was violative of a mandatory statute, and so inflammatory that its prejudicial effect could not be reasonably removed by the instruction from the trial judge to disregard. Therefore, we conclude the error was not cured by the trial judge's instruction. *Reed,* 991 S.W.2d at 363. *See also Dickinson,* 685 S.W.2d at 322 (argument violating art. 38.08 "rarely cureable by an instruction to the jury to disregard.").

### D. Harm Analysis.

 Having determined the error was not cured, we must conduct a harm analysis. *Madden,* 799 S.W.2d at 699. Of course, a prosecutor who comments on an accused's failure to testify violates both the United States and Texas Constitutions.

U.S. CONST. art. V; TEX. CONST. art. I, § 10; *Owen v. State,* 656 S.W.2d 458, 459 (Tex. Crim.App.1983). The harm resulting from error of constitutional magnitude is gauged by the standard of Rule 44.2(a) of the Texas Rules of Appellate Procedure. Under this rule, we must reverse the judgment of the trial court unless we determine beyond a reasonable doubt that the error did not contribute to the conviction. When performing this analysis, the following factors are to be considered: 1) the source of the error; 2) the nature of the error; 3) whether the error was emphasized and its probable collateral implications; 4) the weight a juror would probably place upon the error; and 5) whether declaring the error harmless would encourage the State to repeat it with impunity. *Orona v. State,* 791 S.W.2d 125, 130 (Tex.Crim.App.1990). Though no one factor is dispositive, the existence and severity of these factors are indicative of the harm caused by the State's improper argument. *Wilson v. State,* 938 S.W.2d 57, 61 (Tex.Crim.App.1996).

 When these factors are considered in the instant case, we find the source of the error was the State. Therefore, this factor favors a finding of harm. The nature of the error was to undermine a fundamental principle of criminal jurisprudence, the right against self-incrimination. Even more egregious was the use of appellant's mere presence in the courtroom to undermine this basic right. This factor weighs heavily toward a finding of harm.

Regarding the third factor, we note that defense counsel used his argument to undermine the State's case—pointing out that the complainant had not testified, and that Moore had been impeached with her prior written statement. The State did not make an opening argument but rather waited until final summation to make the improper argument and accompanying

gesture. This tactical advantage had the effect of committing the error at a time the jury would most likely consider appellant's failure to testify as evidence of guilt. Consequently, the third factor militates toward a finding of harm.

The fourth factor is concerned with the weight a juror would probably place upon the error. Unlike, *Orona* and *Wilson,* where the trial judge overruled the objections, in the instant case, the trial judge sustained the objection. However, the curative instruction was tepid and, as noted above, not strong enough to cure the error. *Compare Glauser v. State,* 66 S.W.3d 307, 321 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd.) (recognizing "strong instruction to disregard"). Therefore, we consider this factor neutral.

Finally we consider the probable effect of holding the State's improper argument harmless. We, like the Court of Criminal Appeals and our sister courts, cannot understand why prosecutors continue to depart from the well established rules for proper jury argument. *Wilson,* 938 S.W.2d at 62 (quoting *Summers v. State,* 147 Tex.Crim. 519, 182 S.W.2d 720, 721 (1944)); *Everett v. State,* 707 S.W.2d 638, 641 (Tex.Crim.App.1986); *Lomas v. State,* 707 S.W.2d 566, 569 (Tex.Crim.App.1986); *Washington v. State,* 16 S.W.3d 70, 75 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (State strikes "foul blow" arguing incriminating "fact" not substantiated in record); *Mayberry v. State,* 830 S.W.2d 176, 179 (Tex.App.-Dallas 1992, pet. ref'd). Additionally, the Supreme Court has held that "courts must be alert to factors that may undermine the fairness of the fact-finding process." *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). The probability of deleterious effects on fundamental rights, such as the Fifth Amendment guarantee against self-incrimination which every defendant is entitled to, calls for close judicial scrutiny. *Id.* Our independent research has revealed literally hundreds of cases where the State has engaged in improper argument. In the majority of those cases, reversal was not required because the error was either not preserved, or was cured by the trial judge's instruction to disregard the improper argument.[5] However, affirming convictions on the basis that defense counsel has not done his job, or that the trial judge has taken curative action does nothing to prevent prosecutors from breaking our established rules for jury argument. Instead, those opinions actually serve to embolden and encourage those prosecutors determined to violate the established rules defining the parameters for proper argument. The sheer number of these cases lead us to the conclusion that declaring harmless the argument in the instant case would further encourage the State to continue this type of offensive conduct. This we will not do. As stated by the Court of Criminal Appeals more than fifty years ago, when a matter such as this is brought before an appellate court, that court's duty is clear, and the responsibility for the reversal must rest solely upon the prosecuting attorney. *Lankford v. State,* 156 Tex. Crim. 113, 239 S.W.2d 394, 395 (1951).

For the reasons stated above, the relevant considerations weigh heavily in favor of finding the error harmful. Therefore, we are unable to determine beyond a reasonable doubt that the prosecutor's argument made no contribution to the conviction. Accordingly, we sustain the third point of error.[6]

---

**5.** In the instant case, appellant's first point of error raises another claim of improper argument. The State responds that the error was not preserved.

**6.** We need not address the sixth point of er-

### III. Contempt.

The eighth point of error relates to the trial judge holding appellant in contempt for a comment allegedly made at the punishment phase of the trial. However, we have held decisions in contempt proceedings are not appealable. *Mendez v. Attorney Gen. of Tex.,* 761 S.W.2d 519, 521 (Tex.App.-Corpus Christi 1988, no writ). This is so even where the contempt order is being appealed along with a judgment that is appealable. *Id.* The validity of a contempt order can be attacked only by a writ of habeas corpus. *Ex parte Williams,* 690 S.W.2d 243, 243 n. 1 (Tex.1985); *Saenz v. Saenz,* 756 S.W.2d 93, 95 (Tex.App.-San Antonio 1988, no writ). Therefore, the eighth point of error is dismissed for want of jurisdiction.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

ror. However, we are troubled that the State asked Moore to identify appellant by his armband which signified appellant was in custody at the time of his trial. *Randle v. State,* 826 S.W.2d 943, 946 (Tex.Crim.App.1992) (clothing that "bears the indicia of incarceration" that subverts a defendant's right to a presumption of innocence).