11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael
Brian Word

Appellant

Vs.                   No. 
11-03-00403-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

The jury convicted Michael Brian Word of Class A
Assault Family Violence and  assessed his
punishment at 365 days confinement in the county jail and a fine of
$4,000.  We affirm.








Appellant contends that the evidence is legally
and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State, 144
S.W.3d 477 (Tex.Cr.App 2004); Ross v. State, 133 S.W.3d
618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
We review the fact finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain v. State, supra;
Clewis v. State, supra. 
Due deference must be given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.Cr.App.2000);  Jones v.
State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).  This court has the authority to disagree with
the fact finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson v. State, supra at 9.

The victim and Tironda Renee Jones were both
subpoenaed by the State to testify.  The
victim and Jones both filed affidavits of non-prosecution seeking to have
prosecution of the case withdrawn.  The
victim and Jones did not comply with the subpoena, and a writ of attachment was
issued for their arrest.  Both the victim
and Jones were placed in the county jail in order to secure their testimony at
the trial. 

The victim testified that there was an altercation
at her residence and that she gave a statement to the police after the
altercation.  The victim read the
statement before the jury.  In her
statement, the victim said that appellant came home drunk on December 27,
2002.  When she asked where appellant had
been, he became angry and violent. 
Appellant threw the coffee table into the wall and then tried to leave.  The victim told appellant to stay because he
had been drinking.  Appellant grabbed the
victim, threw her to the ground, and punched her in the face several times. In
her statement, the victim also explained that she was afraid of appellant.  When asked if the statement was true, the
victim responded, AYeah,
generally.@  The victim testified that she exaggerated in
her statement out of anger.  The victim
said that appellant pushed her but that he did not hit her. 

Jones gave a written statement to the police
sometime after the altercation.  Jones
read the statement to the jury at trial. 
In her statement, Jones said that the victim and appellant were arguing
because the victim did not want appellant to leave their residence.   Jones Asaw
a table flying through the air,@
and she saw appellant and the victim wrestling. 
Appellant was kicking and hitting the victim.  Jones tried to Acover
up@ the victim so that she would not get
hurt.  Jones called the police. Jones
testified that the information in her statement was true.  Jones testified on cross-examination that the
victim hit and kicked appellant, but she later clarified on redirect-examination
that she did not see the victim hit appellant. 









Officer Phillip Sage with the Abilene Police
Department testified that he received a call 
to investigate a domestic dispute. 
When Officer Sage arrived at the apartment, appellant was walking from
the apartment.  The victim came out of
the apartment and screamed to Officer Sage that appellant was the one who had
hit her.  Officer Sage detained appellant
in order to investigate the offense.  The
victim told Officer Sage that appellant came home drunk, threw her on the
ground, and hit her in the face.  Officer
Sage testified that the apartment was Atrashed@ and that there was a hole in the
wall.  The victim told Officer Sage that
her face hurt where appellant had punched her. Officer Sage noted that the
victim=s face
was swollen.   Officer Sage placed
appellant under arrest. 

Officer Sage testified that appellant became
combative after he was placed under arrest. 
After a struggle, Officer Sage was able to get appellant in the patrol
car.  On the way to the jail, appellant
threatened to Abeat up@ Officer Sage.  Once they arrived at the jail, appellant Athrew himself on the ground@ and Athrew
himself against the wall.@  Appellant also kicked at the officers. 

Appellant specifically argues that the evidence
does not support an affirmative finding of family violence.  The complaint stated that appellant Adid then and there intentionally,
knowingly or recklessly cause bodily injury to [the victim], a family member
and a household member of the [appellant=s]
by then and there striking [the victim] in the face with his hand.@ 
TEX. PEN. CODE ANN. '
22.01(a)(1) (Vernon Supp. 2004 - 2005) provides that a person commits assault
if he intentionally, knowingly or recklessly causes bodily injury to another,
including the person=s
spouse.  An offense under Section
22.01(a)(1) is a Class A misdemeanor. 
The offense becomes a felony of the third degree if committed against:

[A]
member of the defendant=s
family or household, if it is shown on the trial of the offense that the
defendant has been previously convicted of an offense against a member of the
defendant=s family
or household under this section.

 

TEX. PEN. CODE ANN. '  22.01(b)(2) (Vernon Supp. 2004 - 2005).
Appellant had not previously been convicted of an offense under TEX. PEN. CODE
ANN. ' 22.01
(Vernon Supp. 2004 - 2005); therefore, the offense was a Class A
misdemeanor.  An affirmative finding on
the issue of family violence would only affect a subsequent conviction for
assault on a family member.  

The charge instructed the jury to find appellant Aguilty as charged@ or Anot
guilty.@  The charge provided the jury with the following
definition of family violence as set out in TEX. FAM. CODE ANN. ' 71.004(1) (Vernon 2002):








An act by a member of a family or household against another
member of the family or household that is intended to result in physical harm,
bodily injury, assault, or sexual assault or that is a threat that reasonably
places the member in fear of imminent physical harm, bodily injury, assault, or
sexual assault, but does not include defensive measures to protect oneself.

  

Following the definition of family violence in its charge to the
jury, the trial court asked, ADo
you find from the preponderance of the evidence that the victim...is or was a
member of the household of [appellant]?@
The charge contained two options:  AYes, 
we find that [the victim] was subjected to family violence by
[appellant]@ and ANo, we do not find that [the victim]
was subjected to family violence by [appellant].@  Each option originally stated that the victim
was Aa member
of the household@ of
appellant.  However, that language was
marked out, and the phrase Asubjected
to violence@ was
handwritten in its place.[1]    

Appellant first contends that the evidence is
insufficient to show that appellant was a member of the victim=s household.  TEX. FAM. CODE ANN. '
71.005 (Vernon 2002) states that A[h]ousehold@ means a unit composed of persons living
together in the same dwelling without regard to whether they are related to
each other.  Jones testified that
appellant lived with the victim but that she was Aunaware@ if he lived there Afull time.@  In the victim=s
statement which she read to the jury, the victim stated that appellant came Ahome@
drunk.   The victim testified that
appellant was at her apartment Aall
the time@ and that
he Astays@
with her.  The victim further testified
that appellant spent five nights a week at her house and two nights a week at
his mother=s house.
The victim stated that appellant did not receive his mail at her residence but
that he helped her pay the bills.  The
victim said that she Asomewhat@ considered appellant to be living with
her. 








Appellant also argues that the jury did not find
appellant to be a member of the victim=s
household because the wording on the jury=s
affirmative answer was changed.  As
previously noted, the words Amember
of the household@ were
marked through and the words Asubjected
to family violence@ were
inserted.  The question asked of the jury
was whether or not the jury found the victim to be a member of appellant=s household.  The altered answer still instructs the jury
to find Ayes@ or Ano@ in relation to that question.  The corrected language Asubjected to family violence@ does not negate the jury=s answer to the question that appellant
was a member of the victim=s
household.  We find that evidence to be
both legally and factually sufficient to show that appellant was a member of
the victim=s
household.  

Appellant further argues that the trial court=s definition of Afamily
violence@
contained in the verdict form did not track the statutory language required for
a finding on family violence.  Section
22.01(b)(2) elevates the misdemeanor assault to a third degree felony if the
offense is committed against a member of the defendant=s
family or household and the defendant has previously been convicted of an
offense against a member of his family or household.  Section 22.01(e)(1) &  (2) 
provides that the terms Afamily@ and Ahousehold@ have the meaning assigned in TEX. FAM.
CODE ANN. ''
71.003 & 71.005 (Vernon 2002) respectively. 
The trial court defined family violence as set out in Section 71.004. 

Appellant=s
conviction would not result in his being punished for a third degree felony
pursuant to Section 22.01(b)(2).  The
trial court was seeking an affirmative finding on the issue of family violence
which could affect a future conviction for an assault involving a family
member.  TEX. CODE CRIM. PRO. ANN. art.
42.013 (Vernon Supp. 2004 - 2005) states that, Aif
the court determines that the offense involved family violence, as defined by
Section 71.004, Family Code, the court shall make an affirmative finding of
that fact and enter the affirmative finding in the judgment of the case.@ 
Therefore, the trial court correctly defined Afamily
violence@ as
required by Article. 42.013.

Finally, appellant argues that the evidence was
insufficient to show that the victim suffered bodily injury as a result of the
assault. Bodily injury is defined as physical pain, illness, or any impairment
of physical condition. TEX. PEN. CODE ANN. '
1.07(a)(8) (Vernon Supp. 2004 - 2005). 
The definition is broad and encompasses even relatively minor physical
contacts as long as they constitute more than mere offensive touching. Lane
v. State, 763 S.W.2d 785 (Tex.Cr.App.1989). 








Officer Sage testified that he observed swelling
on the victim=s face
and that the victim indicated that her face hurt.  The victim testified that appellant did not
hit her in the face and that she did not have any Amarks@ as a result of the altercation.   It is not necessary for the victim to testify
that she suffered pain.  Wead v.
State, 94 S.W.3d 131 (Tex.App. ‑ Corpus Christi 2002), rev=d on other grounds, 129 S.W.3d 126
(Tex.Cr.App.2004).  

The jury is the sole judge of the credibility of
the witnesses and the weight to be given their testimony.  TEX. CODE CRIM. PRO. ANN. arts. 36.13 &
38.04 (Vernon 1979 & 1981); Wesbrook v. State, 29 S.W.3d 103
(Tex.Cr.App.2000), cert. den=d,
532 U.S. 944 (2001).  It is the exclusive
province of the jury to reconcile conflicts in the evidence.  Wesbrook v. State, supra.  We find the evidence to be legally and
factually sufficient to support appellant=s
conviction and the finding on family violence. 
Appellant=s first,
second, and third issues on appeal are overruled.

In his fourth issue on appeal, appellant argues
that the trial court did not follow the requirements of TEX. CODE CRIM. PRO.
ANN. art. 36.27 (Vernon 1981) in responding to a note from the jury.  Article 36.27 provides in part:

Any
communication relative to the cause must be written, prepared by the foreman
and shall be submitted to the court through the bailiff.  The court shall answer any such communication
in writing, and before giving such answer to the jury shall use reasonable
diligence to secure the presence of the defendant and his counsel, and shall
first submit the question and also submit his answer to the same to the
defendant or his counsel or objections and exceptions, in the same manner as
any other written instructions are submitted to such counsel, before the court
gives such answer to the jury, but if he is unable to secure the presence of the
defendant and his counsel, then he shall proceed to answer the same as he deems
proper.  The written instruction or
answer to the communication shall be read in open court unless expressly waived
by the defendant.

 

All such proceedings in felony cases shall be a
part of the record and recorded by the court reporter.

 








The record shows that the jury sent a note to the
trial court which contained two questions. 
The jury first asked, AIf
we sentence [appellant] to a certain amount of time - what is the actual time
of the sentence will he serve?@  The trial court responded, AThe time served varies and the
decisions are made by the Sheriff=s
office rather than by the Court.  It can
be actual time or the sentence divided by three or anything between those
extremes.@  The second question asked, AIf [appellant] cannot pay his fine,
will his fine be paid with jail time served consecutively or concurrently?@  
The trial court responded that A[t]he
[appellant] has the choice of whether to pay the fine or sit it out.  If he sits it out, it is consecutively
served.@ 

There is nothing in the  reporter=s
record concerning the jury=s
note to the trial court and the trial court=s
response.  There is nothing in the record
to indicate whether appellant was present to object to the trial court=s response or whether appellant waived
the requirement that the responses be read in open court.  

The giving of additional instructions to a jury by
the trial court without compliance with the statute requiring such
communication to be in open court and in the presence of the defendant
constitutes reversible error.  Smith
v. State, 513 S.W.2d 823, 829 (Tex.Cr.App.1974); Hudson v. State,
128 S.W.3d 367, 377 (Tex.App. ‑ Texarkana 2004, no pet=n). However, the defendant must bring
the error to the trial court=s
attention by objection or formal bill of exception.  Hudson v. State, supra.  In the absence of a showing to the contrary
in the record, we presume that the trial court=s
response was in open court and in appellant=s
presence. Green v. State, 912 S.W.2d 189, 192 (Tex.Cr.App.1995);  Smith v. State, supra.  The record does not show that appellant
objected to the trial court=s
responses or perfected a bill of exception concerning the trial court=s response in violation of Article
36.27.  Therefore, appellant has not
shown reversible error.  Hudson v.
State, supra.  Appellant=s fourth issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

April 28, 2005

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The record does not indicate why the wording was
changed or who changed it.   Appellant
did not object to the change.