NUMBER
13-00-015-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI B
EDINBURG

 

 

 

MARK ANTHONY WEAD,                                           Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

         On
appeal from County Criminal Court at Law No. 14

                            of
Harris County, Texas.

 

 

 

                           OPINION
ON REMAND

 

        Before Chief Justice Valdez and Justices
Rodriguez and Baird[1]

                                      Opinion on Remand by Justice Baird

 








Appellant was
charged by information with the misdemeanor offense of assault.  A jury convicted appellant of the charged
offense.  The trial court assessed
punishment at confinement for one year and a fine of $4,000.  On direct appeal, appellant raised ten
issues.  On our initial consideration of
this appeal, we overruled issues eight, nine and ten, but sustained the third
issue and reversed the judgment of the trial court.  See Wead v. State, 94 S.W.3d 131 (Tex.
App.BCorpus Christi 2002), rev=d, 129
S.W.3d 126 (Tex. Crim. App. 2004). 
However, our decision was subsequently reversed by the court of criminal
appeals, and the case was remanded to this Court to address appellant's
remaining issues.  Wead v. State,
129 S.W.3d 126 (Tex. Crim. App. 2004). 
We affirm the judgment of the trial court.

I.  Closing Argument

The first issue
contends the prosecutor=s closing argument was improper.  The State responds that this issue was not
preserved for appellate review because there was no contemporaneous objection
at trial.  We agree.  Our law is well settled; the failure to
object to a jury argument forfeits the right to complain about the argument on
appeal.  Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). 
The first issue is overruled.








The second issue
also concerns the allegedly improper closing argument.  This error is interrelated to the third issue
which we sustained on direct appeal; however, the court of criminal appeals
found that we Aerred in even considering appellant's argument that
the prosecutor's comment amounted to a comment on appellant's failure to
testify, since appellant made no such argument in the trial court.@  Wead,
129 S.W.3d at 130.  The court of criminal
appeals further held the argument did not amount to a comment on appellant's
failure to testify.  Id.  We are bound by these holdings.  Consequently, the second issue is overruled. 

II.  Voir Dire

The fourth and fifth issues contend reversal is
required due to improper comments made by the prosecutor and the trial judge,
respectively, during voir dire. 
Appellant failed to object to either of the complained-of comments.  The failure to object to prosecutor's
statements during voir dire fails to preserve the issue for appellate
review.  Penry v. State, 903
S.W.2d 715, 741 (Tex. Crim. App. 1995). 
Accordingly, the fourth issue is overruled.

The fifth issue is couched in article 38.05 of the
Texas Code of Criminal Procedure which provides:  AA trial judge shall not at any stage of the proceeding
prior to the return of the verdict make any comment calculated to convey to the
jury the judge's opinion of the case.@  Tex. Code Crim. Proc. Ann. art. 38.05
(Vernon 1979).  However, an objection is
required to preserve an article 38.05 argument for appellate review.  Moore v. State, 907 S.W.2d 918, 922-23
(Tex. App.BHouston [1st Dist.] 1995, pet. ref'd).  Because there was no objection, the fifth
issue is overruled.

III. 
Presumption of Innocence








The sixth issue contends the prosecutor violated
appellant=s presumption of innocence by commenting on the
white arm band appellant was wearing during trial.  The State responds that the objection lodged
at trial does not comport with the argument now raised on appeal.  The State further argues that the error, if
any, was cured by the trial judge=s instruction to disregard any reference to appellant=s armband. 
Our law has long recognized a presumption that an instruction to the
jury to disregard improperly admitted evidence or comments was efficacious
unless consideration of the facts of the particular case "suggests the
impossibility of withdrawing the impression produced on the minds of the
jury."  Waldo v. State, 746
S.W.2d 750, 754 (Tex. Crim. App. 1988) (quoting Hatcher v. State, 43
Tex. Crim. 237, 65 S.W. 97, 98 (1901)). 
There is nothing in the record before us to rebut this presumption or to
suggest the impossibility of withdrawing the impression of appellant=s armband. 
Consequently, we presume the instruction to disregard cured any error.
Accordingly, the sixth issue is overruled.

IV.  Judicial
Vindictiveness

The seventh issue contends the sentence imposed by
the trial judge was the result of judicial vindictiveness.  In support of this claim, appellant relies
upon North Carolina v. Pearce, 395 U.S. 711 (1969), in which the United
States Supreme Court held the Due Process Clause is violated when a defendant
is punished for successfully exercising his constitutional or statutory
rights.  Id. at 724. 








Due process of law, then, requires that
vindictiveness against a defendant for having successfully attacked his first
conviction must play no part in the sentence he receives after a new
trial.  And since the fear of such
vindictiveness may unconstitutionally deter a defendant's exercise of the right
to appeal or collaterally attack his first conviction, due process also
requires that a defendant be freed of apprehension of such a retaliatory
motivation on the part of the sentencing judge.

 

Id.  The rule of law announced in Pearce
applies Awhenever a judge imposes a more severe sentence upon
a defendant after a new trial.@  Id.
at 726.  In the instant case, there has
not been a Anew trial;@ this appeal arises from the first and only trial of
the instant case.  Therefore, there can
be no showing that the trial judge was vindictive when imposing the complained
of sentence.  Accordingly, the seventh
issue is overruled.

The judgment of the trial court is affirmed.

 

 

                                              

CHARLES F. BAIRD

Justice

 

 

Do not publish. 


Tex. R. App. P. 47.2(b).

 

Opinion on Remand delivered and filed this 

the 21st day of July, 2005.

 











[1] Former Texas Court of Criminal Appeals Judge Charles
F. Baird assigned to this Court by the Chief Justice of the Supreme Court of
Texas.  See Tex. Gov=t Code Ann. ' 74.003 (Vernon 2005).