### Lee Scarbrough v. The State.

#### No. 8045. Decided June 25, 1924.

**1.—Selling—Liquor—Continuance—Want of Diligence.**

The motion for a continuance to secure the testimony of persons who would testify that a certain State's witness had made out of court, on numerous occasions, statements contradictory of his testimony upon the trial does not show diligence to procure the witnesses.

**2.—Same—Allusion to Defendant's Failure to Testify—Argument of Counsel.**

Where it affirmatively appeared from the record on appeal that the defendant had not testified, and that the persons present at the time the alleged sale was supposed to have been made were all introduced as witnesses and testified in behalf of the State affirming the sale, the declaration of counsel for the State in his argument, "Who denied that the sale was not made" was an indirect reference to the defendant's failure to testify, and reversible error.

Appeal from the District Court of Angelina. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Fairchild & Redditt,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

The motion for a continuance to secure the testimony of persons who would testify that the State's witness Stuart had made out of court on numerous occasions statements contradictory of his testimony upon the trial does not show diligence to procure the witnesses.

By Bill of Exceptions No. 4 it is made to appear that State's counsel in argument said to the jury: "Who denied that the sale was not made?" From the bill it affirmatively appears that the appellant did not testify and that the persons present at the time the alleged sale was supposed to have been made were the witnesses Stuart, Hudnall and Cane, all of whom were introduced by and testified upon behalf of the State, affirming that appellant made the sale. They all testified supporting the State's case. The bill thus reveals that there were none present who could have denied the sale save the appellant. The remark apparently cannot be characterized other than as an indirect reference to the failure of the appellant to take the stand and deny the sale. He contented himself upon the trial with the cross-examination of the State's witnesses and by the introduction of other witnesses by whose testimony he sought to raise a reasonable doubt as to the truth of the testimony given against him. The statute, Art. 790, C. C. P., which declares that "the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause," as well as the statutes on the presumption of innocence and reasonable doubt, vested in the appellant the right to have the jury determine whether he was guilty or innocent without reference, either direct or indirect, to his failure to give evidence in his own behalf. The language used in the present case is in no sense different in its effect from that which has been held violative of the statute on many occasions. See Adams v. State, 87 Texas Crim. Rep., 67. If the record was in a condition to show that there were persons present at the time the alleged sale was made who did not testify, the remarks of counsel would not necessarily imply a comment upon the failure of the appellant to give evidence. Boone v. State, 90 Texas Crim. Rep., 374; Pickerell v. State, 82 Texas Crim. Rep., 68; Ethridge v. State, 74 Texas Crim. Rep., 635. But on the present record, there was no one present at the trial who failed to take the witness-stand who was present at the time the alleged sale took place save the appellant. Therefore, the jury, looking to the evidence, might have sought in vain for any person who might have made the denial save the appellant. It has often been said that the statute is mandatory and its obedience imperative. When counsel has transgressed it and the matter is brought before this court for review, its duty is clear and the responsibility of a reversal must rest upon the prosecution. Haley v. State, 84 Texas Crim. Rep., 632.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*