NUMBER 13-00-015-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 



 

MARK
ANTHONY WEAD,                                                      Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

               On appeal from County Criminal
Court at Law No. 14

                                   of Harris County, Texas.

 

 



                                   O
P I N I O N

           Before Chief Justice Valdez and
Justices Dorsey and Baird[1]

                                          Opinion
by Justice Baird

 








Appellant was
charged by information with the misdemeanor offense of assault.  A jury convicted appellant of the charged
offense.  The trial judge assessed
punishment at confinement for one year and a fine of $4,000.  Appellant raises ten points of error.  We reverse.

I.  Sufficiency Challenges.

The ninth and
tenth points of error challenge the legal and factual sufficiency of the
evidence to support the jury=s verdict,
respectively.  When reviewing such
challenges, we apply the well known standards of Jackson v. Virginia,
443 U.S. 307, 315‑16 (1979), and Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  When determining
legal sufficiency, we view the evidence in the light most favorable to the
verdict and determine whether a rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 318‑19.  In determining factual sufficiency, we do not
view the evidence "in the light most favorable to the
prosecution."  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Rather, we ask whether a neutral review of
all the evidence, both for and against the finding, demonstrates the proof of
guilt is either so obviously weak as to undermine confidence in the jury's
determination, or, although adequate if taken alone, is greatly outweighed by
contrary proof.  Johnson, 23 S.W.3d at 11.  We
will set aside a verdict for factual insufficiency only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  Wesbrook v. State,
29 S.W.3d 103, 112 (Tex. Crim. App. 2000).

A.  Factual Summary.








Andrea Moore
testified she was living with appellant and his wife, the complainant, on the
date alleged in the information.  Moore
heard appellant and the complainant arguing in the bedroom.  The complainant exited the bedroom and said
she had been slapped by appellant.  Moore
then witnessed appellant approach the complainant from behind, and punch her left eye. 
Moore testified the complainant put her hands over her face and appeared
to be in pain.  Appellant continued
hitting the complainant on the back of her head.  When appellant ordered Moore from the
apartment, she responded that she was going to call the police.  The altercation ended and appellant returned
to the bedroom.

Corporal Mary
Krebs worked with the Domestic Violence and Victims Services Unit of the Harris
County Precinct Four Constable=s Office.  The complainant came to Krebs=s office in an hysterical state. 
Krebs could see that the complainant had injuries to her left eye, neck
and breasts.  Krebs photographed the
complainant=s
injuries.  These photographs were
admitted into evidence.  Krebs described
the complainant as having Aswelling in her
left eye, and it was a bluish, purplish color.@

The State
rested at the conclusion of the testimony from these two witnesses. Appellant
moved for an instructed verdict on the basis that the State had failed to prove
Abodily injury.@  The trial judge overruled the motion due to
the swelling of the complainant=s eye.  Appellant now argues the evidence is
insufficient to prove the elemental fact of bodily injury because the
complainant did not testify.

C.  Analysis.








The Penal Code
defines bodily injury as "physical pain, illness, or any impairment of
physical condition."  Tex. Pen. Code Ann.
' 1.07(a)(8) (Vernon 1997). 
This definition is "purposely broad and seems to encompass even
relatively minor physical contacts so long as they constitute more than mere
offensive touching."  Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).  In the instant case, Moore testified the
complainant appeared to be in pain after being struck in the left eye by
appellant.  The photographs taken by
Krebs show a swelling to the complainant=s left eye, as
well as other injuries.  Appellant has
not directed us to any authority which requires the complainant to personally
testify to the elemental fact of bodily injury. 
Similarly, our independent research has not revealed any such
authority.  While it
may be preferable to have the complainant testify to that element, that
testimony is not required to sustain a conviction.  Consequently, we hold this evidence is both
legally and factually sufficient to support the jury=s verdict.  Lewis v. State, 530 S.W.2d 117, 118
(Tex. Crim. App. 1975) (evidence that complainant suffered small bruise and
physical pain sufficient evidence of bodily injury).  Therefore, points of error nine and ten are
overruled.

II.  Jury Argument.

The third point
of error contends the trial judge erred in denying a mistrial following the
prosecutor=s comment on
appellant=s failure to
testify.

A. Factual
Summary.

Appellant did
not testify during the guilt phase of the trial.  The trial judge instructed the jury as
follows:

Our law
provides that a defendant may testify in his own behalf if he elects to do
so.  This, however, is a privilege
accorded a defendant, and in the event he elects not to testify, that fact
cannot be taken as a circumstance against him. 
In this case, the defendant has elected not to testify, and you are
instructed that you cannot and must not refer or allude to that fact throughout
your deliberations or take it into consideration for any purpose whatsoever as
a circumstance against the defendant. 

 

During the
State=s closing
argument, the following exchange occurred:








THE PROSECUTOR:
Now, we all heard very credible testimony from an independent witness who sat
right there on the stand and told you that that man, the Defendant
(indicating), sitting here right now looking like he really doesn=t care one way
or another what happens here today[2] B

 

DEFENSE
COUNSEL: Your Honor, I=m gonna object
to the attack on the Defendant as improper argument.

 

THE COURT:
Sustained.  Uh, please disregard the
Prosecutor=s comment about
the Defendant=s
appearance.  Consider it for no purpose
whatsoever.

 

DEFENSE
COUNSEL: Move for a mistrial, Your Honor.

 

THE COURT: That
will be denied.

 

B.  Analysis.

i.  Preservation of Error.

As a general
rule, to raise a jury argument complaint on appeal an appellant must show he
objected and pursued his objection to an adverse ruling.  Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App.1996). 
Otherwise, an appellant forfeits his right to complain.  Id. 
In the instant case, appellant pursued his objection to an adverse
ruling.  Therefore, the issue is
preserved for our review.

ii.  Closing Argument.








The purpose of
closing argument is to facilitate the jury's proper analysis of the evidence
presented at trial so that it may arrive at a just and reasonable conclusion
based on the evidence alone and not on any fact not admitted into evidence.  Campbell v. State, 610 S.W.2d 754, 756
(Tex. Crim. App. [Panel Op.] 1980); Faulkner v. State, 940 S.W.2d 308,
311 (Tex. App.BFort Worth
1997, pet. ref'd) (en banc op. on reh'g). The law provides for, and presumes a
fair trial, free from improper argument by the prosecuting attorney.  Dickinson v. State, 685 S.W.2d 320,
322 (Tex. Crim. App.1984); To be permissible, the State's jury argument must
fall within one of four general areas: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) plea for law enforcement. 
Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim.
App. 1990); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App.
1973).

Our law is
clear that commenting upon the defendant's non-testimonial courtroom behavior
to establish guilt is improper argument. 
Good v. State, 723 S.W.2d 734, 737 (Tex. Crim. App. 1986).[3]  The State concedes this point, and states the
argument could have led the jury to reflect on appellant=s failure to
testify.  App br. pg.
9.[4]  Accordingly, we find the State erred in
making the complained of argument.

C.  Curative Instruction.








Even if an
argument is outside of one of the permissible areas, an instruction to
disregard the remarks will normally cure the error, unless "in light of
the record as a whole it was extreme or manifestly improper, violative of a
mandatory statute, or injected new facts harmful to the accused."  Cooks v. State, 844 S.W.2d 697, 727
(Tex. Crim. App. 1992); Reed v. State, 991 S.W.2d 354, 362-63 (Tex. App.BCorpus Christi
1999, pet. ref=d).  In the instant case, the improper argument
commented upon the defendant=s election to
not testify.  Article 38.08 of the Code
of Criminal Procedure provides as follows:

Any
defendant in a criminal action shall be permitted to testify in his own behalf
therein, but the failure of any defendant to so testify shall not be taken as a
circumstance against him, nor shall the same be alluded to or commented on
by counsel in the cause.

 

Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979).

Therefore, the
prosecutor=s improper
argument violated this mandatory statute. 
Campbell v. State, 900 S.W.2d 763, 766 (Tex. App.BWaco 1995, no
pet.) (recognizing also article 38.08 is mandatory
statute).  Additionally, the comment was
prejudicial because it was accompanied by a gesture by the prosecutor
specifically identifying appellant when the objectionable remark was uttered.  When the improper comment and accompanying
gesture are viewed from the jury=s standpoint,
the jury would naturally and necessarily take it as a comment on appellant=s election to
not testify.  Madden v. State, 799
S.W.2d 683, 699 (Tex. Crim. App. 1990) (The offensive language, Awhen viewed
from the jury's standpoint, must be manifestly intended or be of such a
character that the jury would necessarily and naturally take it as a comment on
the accused's failure to testify.@). Accordingly,
we hold the improper argument was violative of a mandatory statute, and so
inflammatory that its prejudicial effect could not be reasonably removed by the
instruction from the trial judge to disregard. 
Therefore, we conclude the error was not cured by the trial judge=s
instruction.  Reed, 991 S.W.2d at 363.  See also Dickinson, 685 S.W.2d at 322 (argument violating
art. 38.08 Ararely cureable by an instruction to
the jury to disregard.@).

D.  Harm Analysis.








Having
determined the error was not cured, we must conduct a harm analysis. Madden,
799 S.W.2d at 699. 
Of course, a prosecutor who comments on an accused's failure to testify
violates both the United States and Texas Constitutions.  U.S. Const. art. V; Tex. Const. art.
I, ' 10; Owen
v. State, 656 S.W.2d 458, 459 (Tex. Crim. App. 1983).  The harm resulting from error of
constitutional magnitude is gauged by the standard of Rule 44.2(a) of the Texas
Rules of Appellate Procedure.  Under this
rule, we must reverse the judgment of the trial court unless we determine
beyond a reasonable doubt that the error did not contribute to the
conviction.  When performing this
analysis, the following factors are to be considered:  1) the source of the error; 2) the nature of
the error; 3) whether the error was emphasized and its probable collateral
implications; 4) the weight a juror would probably place upon the error; and 5)
whether declaring the error harmless would encourage the State to repeat it
with impunity.  Orona
v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990).  Though no one factor is dispositive, the
existence and severity of these factors are indicative of the harm caused by
the State's improper argument.  Wilson v. State, 938 S.W.2d 57, 61 (Tex. Crim. App. 1996).

When these
factors are considered in the instant case, we find the source of the error was
the State.  Therefore, this factor favors
a finding of harm.  The nature of the
error was to undermine a fundamental principle of criminal jurisprudence, the
right against self-incrimination.  Even
more egregious was the use of appellant=s mere presence
in the courtroom to undermine this basic right. 
This factor weighs heavily toward a finding of harm.  








Regarding the
third factor, we note that defense counsel used his argument to undermine the
State=s case  B pointing out
that the complainant had not testified, and that Moore had been impeached with
her prior written statement.  The State
did not make an opening argument but rather waited until final summation to
make the improper argument and accompanying gesture.  This tactical advantage had the effect of
committing the error at a time the jury would most likely consider appellant's
failure to testify as evidence of guilt. 
Consequently, the third factor militates toward a finding of harm.

The fourth
factor is concerned with the weight a juror would probably place upon the
error.  Unlike, Orona and Wilson,
where the trial judge overruled the objections, in the instant case, the trial
judge sustained the objection.  However,
the curative instruction was tepid and, as noted above, not strong enough to
cure the error.  Compare Glauser v.
State, 66 S.W.3d 307, 321 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref=d.) (recognizing Astrong
instruction to disregard@).  Therefore, we consider this factor neutral.








Finally we
consider the probable effect of holding the State's improper argument
harmless.  We, like the Court of Criminal
Appeals and our sister courts, cannot understand why prosecutors continue to
depart from the well established rules for proper jury argument.  Wilson, 938 S.W.2d at 62 (quoting Summers
v. State, 147 Tex. Crim. 519, 182 S.W.2d 720, 721 (1944)); Everett v.
State, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986); Lomas v. State,
707 S.W.2d 566, 569 (Tex. Crim. App. 1986); Washington v. State, 16
S.W.3d 70, 75 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref'd) (State strikes "foul blow" arguing
incriminating "fact" not substantiated in record); Mayberry v.
State, 830 S.W.2d 176, 179 (Tex. App.BDallas 1992,
pet. ref'd).  Additionally, the Supreme
Court has held that "courts must be alert to factors that may undermine
the fairness of the factfinding process."  Estelle v. Williams,
425 U.S. 501, 503 (1976).  The
probability of deleterious effects on fundamental rights, such as the Fifth
Amendment guarantee against self‑incrimination which every defendant is
entitled to, calls for close judicial scrutiny. 
Id.  Our independent
research has revealed literally hundreds of cases where the State has engaged
in improper argument.  In the majority of
those cases, reversal was not required because the error was either not
preserved, or was cured by the trial judge=s instruction
to disregard the improper argument.[5]  However, affirming convictions on the basis
that defense counsel has not done his job, or that the trial judge has taken
curative action does nothing to prevent prosecutors from breaking our
established rules for jury argument. 
Instead, those opinions actually serve to embolden and encourage those
prosecutors determined to violate the established rules defining the parameters
for proper argument.  The sheer number of
these cases lead us to the conclusion that declaring
harmless the argument in the instant case would further encourage the State to
continue this type of offensive conduct. 
This we will not do.  As stated by
the Court of Criminal Appeals more than fifty years ago, when a matter such as
this is brought before an appellate court, that court's duty is clear, and the
responsibility for the reversal must rest solely upon the prosecuting
attorney.  Lankford
v. State, 156 Tex. Crim. 113, 239 S.W.2d 394, 395 (1951).

For the reasons
stated above, the relevant considerations weigh heavily in favor of finding the
error harmful.  Therefore, we are unable
to determine beyond a reasonable doubt that the prosecutor's argument made no
contribution to the conviction. 
Accordingly, we sustain the third point of error.[6]








III.  Contempt.

The eighth
point of error relates to the trial judge holding appellant in contempt for a
comment allegedly made at the punishment phase of the trial.  However, we have held decisions in contempt
proceedings are not appealable.  Mendez
v. Attorney Gen. of Tex., 761 S.W.2d 519, 521 (Tex. App.BCorpus Christi
1988, no writ).  This is so even where
the contempt order is being appealed along with a judgment that is
appealable.  Id.  The validity of a contempt order can be
attacked only by a writ of habeas corpus. 
Ex parte Williams, 690 S.W.2d 243, 243 n. 1 (Tex. 1985); Saenz
v. Saenz, 756 S.W.2d 93, 95 (Tex. App.BSan Antonio
1988, no writ).  Therefore, the eighth
point of error is dismissed for want of jurisdiction.

The judgment of
the trial court is reversed and this cause is remanded for further proceedings
consistent with this opinion.

 

                                                   


CHARLES F.
BAIRD

Justice

 

 

 

Publish. 


Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 14th day of
November, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t
Code Ann. ' 74.003 (Vernon 1998).





[2]  All emphasis is supplied unless
otherwise indicated.





[3]  A prosecutor may comment on the defendant's
non‑testimonial demeanor only if it occurs during testimony.  Id. 





[4]  It should be noted that the prosecutor
handling this appeal is not the attorney who made the improper argument.  The public trust reposed in the law
enforcement officers of the Government requires that prosecutors be quick to
confess error.  Saldano
v. State, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).  We are pleased to see the attorney
representing the State on this appeal is mindful of and has fulfilled her
ethical obligation.





[5]  In the instant case, appellant=s
first point of error raises another claim of improper argument.  The State responds that the error was not
preserved.





[6]  We need not address the sixth point of
error.  However, we are troubled that the
State asked Moore to identify appellant by his armband which signified
appellant was in custody at the time of his trial.  Randle v. State, 826 S.W.2d 943, 946
(Tex. Crim. App. 1992) (clothing that "bears the indicia of
incarceration" that subverts a defendant's right to a presumption of
innocence).